### HENRIE v. HYER et al.

No. 5351.   Decided July 17, 1937.   (70 P. [2d] 154.)

*B. H. Jones,* of Brigham, for appellant.

*Thatcher & Young,* of Ogden, for respondents.

MOFFAT, Justice.

Two theories characterize the proceedings in this case. Plaintiff (appellant) claims the action is one to quiet title to the land in question, involving therein the correct location of a section corner marking the northwest corner of section 24 and the northeast corner of section 23, township 14 north, range 6 west, Salt Lake base and meridian, being located in Blue Creek Valley, Box Elder county, Utah.

Defendants and respondents contend that the controversy is over a disputed boundary, and plead by answer and affirmative defense (not by counterclaim or cross-complaint) that the boundary line "has been acquiesced in and to by the plaintiff and defendants and their and each of their predecessors in interest for more than twenty years last prior to the commencement of this action; that said line has been marked, fixed, defined and determined by the building upon said line and the maintenance thereon of a substantial boundary line fence."

Plaintiff's complaint is a complaint setting forth in usual form the allegations of a complaint to quiet title to the north half of section 23, township 14 north, range 6 west, Salt Lake base and meridian, and alleges that the defendants have possessed and occupied 12.2 acres, described by metes and bounds specifically within and along the eastern part of section 23; and that defendants have some claim to the said 12.2-acre tract, "but that the claim of said defendants is without any right whatsoever."

The cause was tried to the court. After plaintiff had presented his evidence the court indicated that it would entertain a motion for permission to produce further testimony after a survey had been made, otherwise plaintiff's complaint would be dismissed.

In this we think the court was in error. Plaintiff submitted proof of title to the north half of section 23, and defendants submitted proof as to their title to the northwest quarter of section 24, being adjoining lands in township 14 north, range 6 west, Salt Lake base and meridian, section

23 being west of section 24. In fact there was no question as to the title, the matter of title being practically conceded by both parties. After the second hearing and the survey made the court found and decreed that the plaintiff was the owner of or had the beneficial interest in and is entitled to the exclusive possession of the north half of section 23, as described, and that defendants are the owners and entitled to the possession of the northwest quarter of section 24. On the basis of a suit to quiet title to the north half of section 23 the plaintiff was entitled to judgment accordingly. The findings, however, proceed to say:

"That this action involved a disputed boundary line with respect to the location of the corner common to the northwest quarter of section 24 and the northeast quarter of section 23, the plaintiff claiming that the defendants are occupying a strip of ground described as follows:

"Beginning at the Northeast corner of section 23, township 14 North, Range 6 West, S. L. M., thence south 2640 feet, thence West 193 feet, [thence North 193 feet,] thence North 24°24' West 2640 feet, thence East 211 feet to point of beginning, containing 12.2 acres; and the defendants claim that the said premises above referred to are in fact within the confines of section 24. [an impossible situation] The court further finds that the southwest corner of section 36, Township 14 North, Range 6 West, S. L. M. contains a Government Monument as placed thereon by the Troskolawski [the original] Survey [1856], but that the monuments marking the southwest corner of Section 24 and the northwest corner of Section 24 *cannot now be located*, and that said monuments are obliterated." (Bracketed expressions and Italics supplied.)

In pursuance of the findings the court then

"Ordered, adjudged and decreed that plaintiff is the owner of or has a beneficial interest in, and is entitled to the exclusive possession of the following described land situate in Box Elder County, State of Utah, to wit:

"The North half of Section 23, Township 14 North, Range 6 West, S. L. B. & M. containing 320 acres, more or less.

"It is further ordered, adjudged and decreed, that the defendants are the owners of, in possession of, and entitled to the possession of

the following described real estate, also situate in Box Elder County, State of Utah, to wit:

"The Northwest Quarter of Section 24, Township 14 North, Range 6 West, S. L. B. & M. and other lands adjacent thereto.

"It is further ordered, adjudged and decreed, that the 12.2 acres of land specifically referred to in plaintiff's complaint lies wholly within Section 24 and is the property of the defendants."

The land referred to in plaintiff's complaint is specifically described as:

"Beginning at the NE corner of Section 23, Township 14 North, Range 6 West, Salt Lake Base and Meridian, thence S. 2640 ft., thence W. 193 ft., thence N. 0 deg. 24' W. 2640 ft., thence E. 211 feet to point of beginning, containing 12.2 acres."

That the findings and decree are inconsistent and irreconcilable a mere cursory examination demonstrates. The tract of land in dispute is by the decree put in both sections. The findings further state:

"5. The court finds that said fence so constructed by defendants as aforesaid and dividing the premises of the plaintiff and the defendants has not been established for twenty years last past and that therefore the fence does not constitute a boundary line as alleged in defendants' answer under the theory of an acquiescence in said boundary for a period of twenty years, and upon this defense the court finds in favor of the plaintiff; but the court does find that said fence is along the section line as contended by defendants.

"6. The court further finds with respect to defendants' third affirmative defense, that the defendants have not acquired title to said disputed tract by reason of adverse possession, but said defense becomes immaterial in view of the findings heretofore made and entered by the court."

The findings last above quoted and numbered 5 and 6 are clearly supported by the evidence except as to the finding that the "fence is along the section line." So if the tract in dispute is in the north half of section 23, and by the undisputed evidence plaintiff was shown to be entitled thereto, and defendants claimed under their title to have no interest in any part of the north half of section 23, and de-

fendants had acquired no rights by acquiescence in construction or maintenance of fence lines or otherwise, it is manifest the decree cannot be supported. The findings, however, further indicate "that the premises in dispute lie wholly within the boundary lines of Section 24 and no part of the same is situated within the boundary line of Section 23, township and range aforesaid."

There is no evidence in the record that tends to support such finding. All the evidence is to the contrary. It was decreed

"that the section corner common to the Northwest corner of Section 24 and the Northeast corner of section 23, as fixed and established by the official Government (Troskolawski) Survey of 1856, is at a point 211 feet west of the point contended for by the plaintiff and is at the point where the boundary fence as now existing between plaintiff's and defendants' premises intercepts the fence extending in an easterly and westerly direction along the north boundary line of Sections 23 and 24."

We fail to find any competent evidence in the record tending to support that part of the decree. Before discussing the evidence it should further be noted that the findings indicate "that said corner (N. W. of 24 and N. E. of 23) monuments are obliterated." There are also some findings as to the construction of fences and a roadway between "Sections 36 and 25 and through a portion of 24."

It may be observed that each section is one mile square, that section 36 is the southeast corner of the township, that section 25 is north of and contiguous to section 36 and section 24 is north of and contiguous to section 25. That each of the three sections border the east line of the township or are bounded on the east by the range line as it is sometimes referred to, and that section 23 lies immediately west of and is contiguous to section 24. The findings refer to the corner in dispute as an "obliterated" corner. The instructions of the General Land Office to surveyors for the making of re-surveys and re-establishment of "obliterated" and "lost" corners have indicated from an evidentiary point of view a

distinction between an "obliterated corner" and a "lost corner" as follows:

"An obliterated corner is one where no visible evidence remains. of the work of the original surveyor in establishing it. Its location may, however, have been preserved beyond all question by acts of land owners, and by the memory of those who knew and recollect the true situs of the original monument. In such case it is not a lost. corner.

"A lost corner is one whose position cannot be determined beyond reasonable doubt, either from original marks or reliable external evidence." (Gen. Land Office pamphlet 1909 on Restoration of Lost. or Obliterated Corners, etc. p. 5.)

We have carefully read the entire record and find no evidence coming from any witnesses who knew or recollected anything pertaining to the position of the original corner. There was some hearsay as to some one having said that a. certain post had been placed at a point that had been recognized as the original location. It is clear that no visible evidence remains of the work of the original surveyor, nor is there any testimony even of hearsay character that any one remembered or repeated the statements of any one who had. seen or known of the original monument located by the original surveyor. So that the corner, notwithstanding the statement in the findings, falls within the definition of a. lost corner.

In the instant case, whether the corner were an obliterated. corner or a lost corner the result must be the same. This. brings us to the testimony. It is conceded that there is a. monument in place at the southwest corner of section 36, also one at the southeast corner of section 36 which is also the southeast corner of the township. It is also agreed and the evidence is not disputed that the monument at the northeast corner of the township is in place. It is also established that there is a government survey monument in place at the west quarter corner of section 11, which is one mile west and one and one-half miles. north from the disputed corner common to the north line of.

sections 23 and 24. From these established monuments and the original field notes of the original survey which are in evidence it is not a difficult matter to relocate or re-establish the lost or obliterated corner at the northwest corner of section 24 and the northeast corner of section 23. The north line of sections 23 and 24 is not in dispute. The sole question is as to the correct location on that line of the monument marking the north and south line between sections 23 and 24, and fixing the north corner common to the two sections. Official surveys of the United States government are not open to attack between private parties in disputes over boundary lines. In the instant case the field notes are clear and it appears that the original monument erected by the original survey has disappeared. There appears to be no discrepancies or conflicts in natural objects or the topography of the area with the field notes. The general rule is that if the monuments of the original government survey cannot be located and a survey is necessary it must be made from the east and not from the west boundary of the township.

"Resort should be had, first, to the monuments placed at the various corners when the original government survey of the land was made, provided they are still in existence and can be identified, or can be relocated by the aid of any attainable data. But if this cannot be done and a survey becomes necessary, this must be made from the east, and not from the west, boundary line of the township." *Mason* v. *Braught*, 33 S. D. 559, 146 N. W. 687, 688.

It is conceded, as it must be, that the original corners as established by the government surveyors, if they can be found, or the places where they were originally established, if that can be definitely determined, are conclusive on all persons owning or claiming to hold with reference to such survey and the monuments placed by the original surveyor without regard to whether they were correctly located or not. Surveyors, in making resurveys or in searching for or relocating or re-establishing lost or obliterated corners, may consider extrinsic and material evi-

dence, as well as the field notes, if there is doubt or uncertainty in the field notes, for the purpose of determining the exact location of lost lines or corners of the original survey. Monuments control over courses and distances. *Washington Rock Co.* v. *Young,* 29 Utah 108, 80 P. 382, 110 Am. St. Rep. 666.

One survey was made by Mr. Griffiths, an ex-county surveyor, and another jointly by Mr. Griffiths and the then county surveyor, Mr. Anderson. It is not necessary to detail step by step the procedure, courses, and distances or measurements made by these surveyors. Their testimony indicates they were competent and experienced men. The southwest corner of section 36 having been recognized as a true corner in place, if not strictly in position, by which is meant that its position was determinable from the place at which it was located, the field notes of the original survey indicate that the line extending thence north between sections 35 and 36, 25 and 26, and 23 and 24, is a true north course, it was a simple matter to run a true north course from the southwest corner of section 36 to the north line of sections 23 and 24 retracing the original survey as shown by the field notes of the original surveyor. The surveyors, however, did more than this. They began at the southeast corner of the township, traced the east township line to the northeast corner of the township, checked back to the northeast corner of section 24, then ran the north line of sections 23 and 24, checked with the established corner at the west quarter corner of section 11, then checked with the monument at the southwest corner of section 36 and re-established the corner common to the northeast corner of section 23 and the northwest corner of section 24 at a point 211 feet east of the fence line claimed by defendants to be the line. We are of the opinion that the line and corner thus established is the true line and the correct north common corner of sections 23 and 24.

Something was said in argument and in a memorandum opinion of the court about the failure of the surveyors to

take into consideration the variation of the magnetic needle. The surveys indicated this was not necessary. The surveyors had all the information and ability necessary to make an angle resurvey from the monuments in place or from a solar or polaris observation, independent of the magnetic needle. The survey, as indicated, was not a magnetic needle survey and the magnetic bearing of North 18° 15' East was a matter of information and in no sense controlling upon the resurvey for the re-establishment of either an obliterated or a lost corner. The bearing of the magnetic needle from true north and south is a matter to be ascertained after and from the determination of true north by other methods. True north is not ascertained or determined from the bearing of the magnetic needle. A compass is merely a graduated circle with a magnetized needle swinging upon a pivot and properly balanced so as to permit it to swing and respond to the magnetic attraction. It is an instrument helpful for finding general directions but not reliable when accuracy is required, nor is it used except for checking purposes in surveys.

The judgment of the trial court is, as to the decision that there was no acquiescence in the boundary line, affirmed. The judgment is reversed as to the establishment of the line between the northwest quarter of section 24 and the east half of section 23, and the establishment of the common north corners thereto. The cause is remanded to the trial court with instructions to modify the judgment and decree appealed from in accordance with the views herein expressed. Appellant to recover costs.

FOLLAND, C. J., and EPHRAIM HANSON, WOLFE, and LARSON, JJ., concur.