353 P.2d 918

JOHNSON REAL ESTATE COMPANY, formerly Johnson-Peay Real Estate Company, a Utah corporation, and Milton G. Johnson and Mildred F. Johnson, his wife, Plaintiffs and Respondents,

v.

LeRoy F. NIELSON and Ora Elizabeth Nielson, husband and wife, and Peoples State Bank of American Fork, a corporation, Defendants and Appellants.

No. 9158.

Supreme Court of Utah.

July 22, 1960.

Hugh V. Wentz, Provo, for appellant.

Aldrich, Bullock & Nelson, Provo, for respondent.

CROCKETT, Chief Justice.

Plaintiffs obtained a decree quieting title to a strip of land approximately 88 feet wide at the north edge of their property and adjoining the south boundary of the defendants' property in the northern outskirts of American Fork, Utah. Defendants appeal, contending that the evidence does not support the findings and judgment.

The defendants became the owners of their tract in 1940. Its south boundary was located by deed as: "thence running south to the old field fence 7.25 chains, more or less, thence west along said old fence, * * *" etc. No question arose concerning their boundary with the plaintiffs' land to the south until in 1959, when the plaintiffs received a correction deed from the prior owner of their property purporting to include the land lying between a line previously described as the northern boundary and a fence claimed by the plaintiffs to be the "old field fence" referred to in the defendants' deed. The defendants dispute the plaintiffs' claim to this land on the ground

that the distance call of "7.25 chains" in the defendants' deed would extend the defendants' southern boundary south far enough to include about 65 feet of the disputed 88-foot strip.

After hearing the evidence and viewing the property the trial court found an old fence, admittedly in a bad state of repair, but nevertheless a fence, to be the north boundary of the plaintiffs' property in accordance with their claim; that for more than 25 years the plaintiffs, and their predecessors in title, had had full and exclusive possession of the property lying south of that fence line; and it has been recognized by the parties as the boundary line during that long period of time and concluded that this established a boundary by acquiescence.[1]

In attacking the finding that the "old field fence" is the property line the defendants deprecate the value of the fence as evidence because it is old, the wires down, and the posts rotted away. The answer to this is that the question is not its value or usefulness as a fence between the properties, but its value as evidence in establishing the fact of an ancient boundary acquiesced in for a long period of time. It seems that there is an anomaly involved: the more

its value is minimized as a fence because it is old and worn away, the more its value may actually increase as evidence of an ancient boundary. This is one circumstance in which being aged and decrepit has its advantages.

■ In harmony with the trial court's determination is the rule which is often applied in resolving disputes over dimensions of land: that where the calls in a deed give the initial point and thence to some natural monument such as a tree, a rock, or a stream, or secondarily to any other fixed object, such as a post or fence, which is stated to be a given distance in feet, yards, rods, or chains from the initial point, the distance call yields to the monument call.[2] The reason is that there is more likelihood of mistakes in courses and distances than in calls to such fixed objects which are capable of being clearly designated and accurately described.

■ The facts as found by the trial court hereinabove recited are supported by substantial evidence and therefore will not be disturbed.[3] They provide a foundation for the conclusion that the boundary had been established by acquiescence. As was said in the case of Brown v. Milliner[4]:

1.  Motzkus v. Carroll, 7 Utah 2d 237, 322 P.2d 391.
2.  See Bullion Beck & Champion Min. Co. v. Eureka Hill Min. Co., 36 Utah 329, 103 P. 881; Giauque v. Salt Lake City, 42 Utah 89, 129 P. 429; Finlayson v. Denver & Rio Grande Western Railroad Co., 110 Utah 319, 172 P.2d 142; 6 Thompson on Real Property § 3327.
3.  Harding v. Allen, 10 Utah 2d 370, 353 P.2d 911, and authorities cited therein.
4.  Brown v. Milliner, 120 Utah 16, 25, 232 P.2d 202, 207.

"* * * if they [the parties] have occupied their respective premises up to an open boundary line visibly marked by monuments, fences or building for a long peroid of time and mutually recognized it * ' * * the law will imply an agreement fixing the boundary as located, if it can do so consistently with the facts appearing, * * *."

Affirmed. Costs to plaintiffs.

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.