364 P.2d 663

Gordon Burt AFFLECK and Josephine F. Affleck, his wife, Plaintiffs, Respondents and Cross-Appellants,

v.

Grant MORGAN and Eva Morgan, his wife, Defendants, Third-Party Plaintiffs, Appellants and Cross-Respondents,

v.

David Burt AFFLECK and Isabella W. Affleck, his wife, Third-Party Defendants and Respondents.

No. 9350.

Supreme Court of Utah.

Sept. 7, 1961.

Clyde & Mecham, Elliott Lee Pratt, Salt Lake City, for appellants.

McKay & Burton, Paul E. Reimann and Macoy A. McMurray, Salt Lake City, for respondents.

CALLISTER, Justice.

The plaintiffs brought this action to quiet title to certain land in Mountair Canyon and for trespass to the same tract of land. The defendants Morgan cross-claimed against the defendants Affleck for breach of warranty. The trial court, sitting without a jury, found for the plaintiffs, granting the defendants some rights of easement, and found against the Morgans on their cross-claim. From the decision quieting title in the plaintiffs and finding defendants Affleck had not breached their warranty, the defendants Morgan appeal. From the decision granting certain rights of easement to the Morgans, the plaintiffs appeal.

The land involved in this case is located between the "Relocated Section Line" and the north line of Lot 1, as indicated on the map on page 202.

A – Outhouse
B – Pump house
C – Patio
D – Shed
E – Parking Area
F – Fish Pond

Morgan Property

House

Lot 1

Lot 2

Mountair Road

Relocated
Section Line

Old Section Line

N

Scale 1" – 50'

The plaintiffs claim ownership to the tract of land in question by reason of deeds to the property. The defendants' claim of title is based upon adverse possession and to a narrow extent upon deeds.

The general area of Mountair Canyon has been surveyed a number of times, but due to the mountainous terrain, there are variances between many of these surveys. This variance in surveys is the cause of one of the issues of this case, that is the location of the section line that divides Section 15 and Section 22.

The Morgans assert ownership to the solid line, triangular shaped lot designated as the "Morgan Property" on the map. This assertion of ownership is based upon deeds conveying said property. The deeds state that the southern boundary of the property is the south line of Section 15.

The plaintiffs claim the section line is located as indicated on the map and designated as the "Relocated Section Line." This line has been established as the true section line and the "Old Section Line" (see map) has been found to be in error. However, all of the people in the area have relied on the old survey.

Defendants Morgan own Lots 1 and 2 of the Merrywood Subdivision, which is located in Section 22. Merrywood was surveyed, subdivided and platted in 1910. The plat, which has been relied upon by everyone in the area, shows the section line to be located as indicated by the "Old Section Line" on the map.

If this court accepted the plaintiffs' theory of the case, the section line and all property in Section 15 would be shifted approximately 22 feet to the north. But for some unknown reason all property in Merrywood Subdivision and Section 22 would remain as platted on the Merrywood Plat. The distance between the north boundary of Lot 1, owned by the Morgans, and the "Old Section Line" is approximately 33 feet. By the waving of plaintiffs' magic wand the property owners in Section 22 leave their property lines in a status quo, and we suddenly have a gap of 55 feet between Lot 1 of Merrywood and the south line of Section 15, which gap represents the land in dispute.

We feel that the trial court erred in finding the "Relocated Section Line" to be the southern boundary of defendant Morgans' property located in Section 15.

The Merrywood Plat shows the location of the section line to be as indicated on the map as the "Old Section Line." This plat is relied upon in conveying and describing property in the area and the county assessor uses this plat as a basis for assessing taxes.

When a section line is discovered to be in error it does not mean that landowners must readjust their property lines to con-

form to the resurvey. On the contrary, people relying on the earlier established survey may disregard the resurvey and consider it as having no effect on the ownership of their property.[1] It is thus apparent that the Morgans own the solid line, triangular shaped, property, and the southern boundary of their property in Section 15 is the "Old Section Line" as indicated on the Merrywood Plat, not the "Relocated Section Line."

At the trial the defendants Morgan attempted, through testimony given by way of a proffer of proof, to prove the necessary elements of adverse possession. The proffered evidence was refused, and the Morgans' assertion of adverse possession was denied. The property claimed adversely by the defendants is located between the "Old Section Line" and the north line of Lot 1, an area 33 feet wide.

The defendants assert that the court erred in excluding the proffered evidence. Section 78-12-11, Utah Code Annotated, 1953, provides:

"For the purpose of constituting an adverse possession by a person claiming title, not founded upon a written instrument, judgment or decree land is deemed to have been possessed and occupied in the following cases only:

"(1) Where it has been protected by a substantial inclosure.

"(2) Where it has been usually cultivated or improved.

"(3) Where labor or money has been expended upon dams, canals, embankments, aqueducts or otherwise for the purpose of irrigating such lands amounting to the sum of $5 per acre."

The defendants' proffered proof, if admitted, would have established that: the house shown on the map was constructed in 1934 and has been occupied as a summer home since 1935. Some time well before 1934 a fence was constructed enclosing the area shown by dotted lines on the map. The wires on the fence have been down for a number of years but many of the fence posts remain. Within this area the defendants and their predecessors have, in addition to the home, constructed a patio, outhouse, water pump and pipeline running from the stream to the house, fish pond, access road, parking area, drain pipes to properly drain the parking area, and paths intertwined throughout the property.

It appears to this court that the trial court erred in not admitting the proffered evidence. The defendants should have been given the opportunity of establishing enclosure of the property and/or use of the property for a period of time at least seven years prior to commencement of this action.[2]

1. Henrie v. Hyer, 92 Utah 530, 70 P.2d 154.

2. Section 78-12-7, Utah Code Annotated 1953.

There remains one last requirement to establish adverse possession, that being "[payment of] all taxes which have been levied and assessed upon such land according to law." [3]

█ The defendants have paid taxes on the real property bordered by the solid line, triangular shaped, and designated as the "Morgan Property" on the map. Although the tax notices describe the "Morgan Property," the assessment was based upon the improvements which are located on the strip of land in dispute. Thus the amount assessed for the improvements has been paid by the defendants even though they (the improvements) were not in fact located on the property described in the tax notices.

The plaintiffs assert that they have paid taxes on the area in question. This, however, is doubtful. The area described in plaintiffs' tax receipts, on which the plaintiffs base their claim of tax payment, is not the area in question. In fact the description contained in plaintiffs' tax receipts is so ambiguous and uncertain that it is impossible to ascertain any location from the description. We are, therefore, certain from the evidence at hand that the plaintiffs did not pay taxes on the property in question.

The defendants have paid all the taxes on the improvements located on the land in question, and it appears that no taxes have been assessed on the real property involved.

As to the 33 feet left remaining between the "Old Section Line" and Lot 1, it is the opinion of the court that the case should be remanded and the defendants Morgan be given the opportunity of presenting their proof of adverse possession as herein discussed.

Reversed in part and reversed and remanded in part. Costs to appellants.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

---

3. Section 78–12–12, Utah Code Annotated 1953.