364 P.2d 1027

**Troy O. NANCE and Thomas B. Hanley, Plaintiffs and Respondents and Cross-Appellants,**

**v.**

**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, an unincorporated association, Defendant and Appellant.**

**No. 9111.**

Supreme Court of Utah.

Sept. 21, 1961.

Draper, Sandack & Draper, Salt Lake City, Mulholland, Robie & Hickey, Donald W. Fisher, Toledo, Ohio, for appellant.

James P. McCune, Nephi, A. M. Dreyer, Las Vegas, Nev., for respondent.

HENRIOD, Justice.

Appeal from a judgment for $1.00 nominal and $40,000 punitive damages, $14,000

attorneys' fees, and some costs, which judgment is reversed. Costs before the jury trial to plaintiffs, and those thereafter, to defendant. In an interlocutory appeal we were requested to determine a cost phase of this case.

Nance sued defendant, an unincorporated foreign labor association, praying that a writ of mandate issue to compel his reinstatement in the union after expulsion, and for damages, etc. Hanley, on motion granted, intervened claiming such right under Rule 24(b), Utah Rules of Civil Procedure, permitting intervention where there are questions of law or fact in common. The record indicates that although there may have been some concerted action, Hanley's claim, based on different facts, was independent of Nance's and determined at a different hearing, so that there is some doubt as to the propriety of the joinder, a matter we need not decide in view of our conclusion.

All of the facts complained of, except for isolated solicitation of jobs in Utah, occurred outside of the state. Why Nance chose this forum, and particularly Juab County, is somewhat unclear. Nonetheless, about 19 weeks of trial ensued and resulted in approximately 1,000 pages devoted to procedural documentary matter, hardly a monumental testimonial to the brevity supposedly purposed by our new rules, and about 8,000 or 9,000 pages of testimony and argument also were indulged. The trial court tried the facts *predating* the expulsion, which had resulted after a so-called trial by the association to expel Nance and Hanley, where the "place de armes" was high in the Los Angeles Statler Hotel, a site appearing to have been, by altitude or otherwise, preclusive of any flight by the dove of peace. The court reserved the determination of malice on the part of the association until a jury should determine the amount, *if any*, of compensatory damages suffered by plaintiffs *after* the expulsion.

*The jury said there were no such damages.* Nonetheless, the court thought that the evidence had shown that there were damages, and awarded $1.00 nominal damages irrespective of the jury verdict, and supplemented the same with $40,000 punitive award and $14,000 attorneys' fees.

 We conclude as we do without augmenting our decision with a recitation of details of the voluminous record and the innumerable claimed, but largely controverted facts. Counsel may have indulged an understatement when he observed that "much, and probably most, of the testimony and documentary evidence in this long and tedious case is surplusage," and we see no useful purpose in abstracting the facts beyond those stated here. It may be observed that most of the testimony set out in plaintiffs' brief was that adduced by their own witnesses' statements, and their own, which were self-serving and controversial, all or

any part of which may or may not have been believed by the jury, and which justified a denial of a new trial. The recitation of facts favorable to one side does not shift our oft-repeated pronouncements that the facts are reviewable on appeal in favor of and not in defeat of the jury verdict,— unless, of course, the jury acted quite unreasonably,—a circumstance we think not present here.

The court's substitution of its judgment as to damages we cannot sustain under the facts here, and were it possible, we could not sustain such a disproportionate award, as we have pointed out.[1]

It would appear that mandamus may not lie against a foreign unincorporated association,[2] although we need not decide the point. We have no problem before us with respect to a domestic association of any kind. We agree with our prior pronouncement that for us to act as requested, under the facts of this particular case, would be futile.[3]

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.

1. Evans v. Gaisford, 122 Utah 156, 247 P. 2d 431; Falkenberg v. Neff, 72 Utah 258, 269 P. 1008; 17 A.L.R.2d 549.
2. 34 Am.Jur. 881, Mandamus, Sec. 94 et seq., 55 C.J.S. Mandamus, § 238 et seq., p. 450.

3. Pratt v. Amalgamated Ass'n, 50 Utah 472, 167 P. 830.