375 P.2d 249

Troy O. NANCE and Thomas B. Hanley, Plaintiffs and Respondents,

v.

SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, an incorporated association, Defendant and Appellant.

No. 9631.

Supreme Court of Utah.

Oct. 8, 1962.

3. 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444.

A. W. Sandack, of Draper, Sandack & Draper, Salt Lake City, Donald W. Fisher, of Mulholland, Robie & Hickey, Toledo, Ohio, for appellant.

James P. McCune, Nephi, A. M. Dreyer, Las Vegas, Nev., for respondents.

CALLISTER, Justice.

This is an appeal from an amended judgment and decree entered by the lower court after a reversal of its prior judgment by this court.*

In the opening paragraph of our prior opinion we stated:

"Appeal from a judgment for $1.00 nominal and $40,000 punitive damages, $14,000 attorneys' fees, and some costs, which judgment is reversed. Costs before the jury trial to plaintiffs, and those thereafter, to defendant."

The remittitur issued by the clerk of this court reads:

"It is now ordered, adjudged and decreed that the judgment of the district court herein be, and the same is, reversed. Costs before the jury trial to respondents and those thereafter to appellant."

Upon remand, the lower court entered an amended judgment and decree to the effect that the plaintiffs, while not entitled to damages, were wrongfully and maliciously expelled from the defendant union. It is the contention of the defendant union on this appeal that the remittitur of this court was self-executing, and that the lower court's amended judgment is not in conformity therewith. With this contention we agree.

The amended judgment and decree, except that portion relating to costs, is reversed and set aside.

WADE, C. J., concurs.

McDONOUGH, J., does not participate.

CROCKETT, Justice (dissenting).

I cannot agree with the majority opinion. It is conceded, of course, that the prior decision is finally determinative and not now open to question as to the issues it dealt with and disposed of.[1] But I am quite unable to

---

\* Nance v. Sheet Metal Workers, 12 Utah 2d 233, 364 P.2d 1027.

1. In Chas. Wolff Packing Co. v. Industrial Court, 267 U.S. 552, at p. 562, 45 S.Ct. 441, at p. 443, 69 L.Ed. 785, the court states: "A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions * * * discussed and decided."

see why that decision reversing the *judgment for damages* must necessarily be regarded as reversing the *finding* that the plaintiffs were wrongfully expelled from the union.

It is important to keep in mind that in this lawsuit originally there were two foundational issues of fact to be determined: (1) were the plaintiffs wrongfully expelled from the defendant union; and (2) did they suffer damages therefrom.

That the above are two separate propositions, and that the parties and the court so regarded them, is plainly manifest by the fact that it was agreed that the first issue, that of wrongful expulsion, should be tried to the court; and that the second issue, as to damages, should be tried to a jury. That is what was done.

The wrongful expulsion phase of the controversy was tried to the court and took about 10 weeks (October 6 to December 19, 1958). No one will deny that there was a great deal of evidence presented for the position of both sides on that issue. Upon such conflicting evidence the court found that the plaintiffs had been wrongfully expelled. By the most fundamental and often repeated rule of appellate review, that finding therefore became incontestable.[2] Under that rule this court could not justifiably have reversed that finding by our prior decision and, quite properly, there is nothing

stated therein expressly indicating that it intended to do so.

The second phase of the trial, relating to damages, was tried to a jury. It lasted about five weeks (February 9 to March 13, 1959). Again the evidence was in conflict. On this issue the jury chose to believe the defendant's version and found that the plaintiffs had suffered no damages. Nevertheless, the trial court entered a judgment for certain items of damages as set forth in the main opinion. It is my understanding that our prior decision was concerned with the propriety of that action. Its first paragraph states, "Appeal from a judgment for $1.00 nominal and $40,000 punitive damages, $14,000 attorneys' fees, and some costs, which judgment is reversed."

It seems to me that a reading of the decision clearly shows these things: that it was concerned entirely with whether the money judgment for the items of damages was supportable; that the essence of its ruling is that inasmuch as the jury had upon conflicting evidence found in favor of the defendant thereon, under the same cardinal rule of appellate review referred to above, the jury's findings on the matter of damages also became incontestable;[3] and that the trial court was in error in substituting its judgment on the question of damages for that of the jury; and that for that reason the judgment for damages was reversed.

2. See Johnson Real Estate Co. v. Nielson, 10 Utah 2d 380, 353 P.2d 918.

3. Ibid.

But so far as I can discern, the prior decision did not concern itself with the question whether the finding of wrongful expulsion should be reversed. It does not discuss nor make any attempt to justify upsetting that finding. According to my view, this was entirely proper because it was unnecessary to the decision which reversed the judgment for damages.

Entirely in harmony with the conclusion herein stated is the award of "costs before the jury trial [the wrongful expulsion phase] to the plaintiffs, and those thereafter [the damages phase] to defendant." The only logical justification for such an award is that this court recognized that the plaintiffs had prevailed, and were entitled to prevail, on the issue of wrongful expulsion; and similarly, that the defendant had prevailed and was entitled to prevail on the issue of damages; and that they were each entitled to their costs incurred in the phase of trial upon which they prevailed.

When the case was remanded, although it is plain from the record that Judge Hoyt violently disagreed with the idea that the plaintiffs should have no damages, he dutifully entered judgment to that effect. But as hereinabove pointed out, he could justifiably regard the finding of wrongful expulsion as standing unassailed and unassailable. It is apparent that he did so, and accordingly retained it. It is obvious that this triumph for the plaintiffs would be one without material substance because they lost on the issue of damages. The only advantage I can see would be the vindication of moral victory on the issue of wrongful expulsion. Nevertheless, based on the reasoning hereinabove set forth, it is my firm conviction that fair and forthright application of well-established and incontrovertible principles of law entitle them to it; and that the ends of justice cannot be served without according them this right. I would affirm the judgment.

HENRIOD, Justice (concurring).

I concur. I cannot subscribe to the statements in the dissent, however, inferring that I said something in the former case that I did not state or mean. The dissent here should have been penned there, in my opinion, if there were any doubt that I meant a reversal only of part, not all of the case. One may state his convictions, but hardly has the privilege, incorrectly to say that someone's assertions were not meant by the latter. The matter of awarding costs, being within the discretion of this court, need not and cannot be explained or interpreted by the lower court so as to change an out-and-out reversal into a partial reversal calling for new findings and a judgment different from that ordered by this court.