Russell W. PARK and Geraldine Park, Plaintiffs and Respondents,

v.

Lynn J. FARNSWORTH and Linda Farnsworth, Defendants and Appellants.

No. 16732.

Supreme Court of Utah.

Dec. 18, 1980.

W. Jerry Ungricht, Murray, for defendants and appellants.

Jackson Howard, Howard, Lewis & Petersen, Provo, for plaintiffs and respondents.

MAUGHAN, Justice:

Plaintiffs initiated this action to resolve a dispute as to the location of the boundary between them and their adjoining neighbors, the defendants. Plaintiffs alleged defendants were committing a continuing trespass by erecting a fence and planting flowers and shrubs on plaintiffs' property; plaintiffs sought a decree quieting title to this contested area. Defendants counterclaimed for the same type of relief. Upon trial to the court a decree was entered according to the plea of plaintiffs, and defendants' counterclaim was dismissed. Defendants appeal therefrom. The judgment of the trial court is affirmed.

Plaintiffs have resided in a home on their property since approximately 1950. Dean E. Park, the father of plaintiff, Russell W. Park, owned the land adjacent to plaintiffs. In 1970, Dean Park had his land surveyed; plaintiff's parcel was not included in this survey. The description in defendants' deed is the same as one of the parcels included in the 1970 survey; defendants'

claim is based exclusively on the location of their boundary as indicated in the 1970 survey. Thereafter, in 1971, plaintiffs reconveyed their property to Dean Parks for the purpose of correcting overlapping deeds and other mistakes. Dean Park had three deeds prepared; one was a conveyance to plaintiffs; one was to defendants; and the third was to the property on defendants' east boundary.

Plaintiff, Russell Park, testified that prior to the conveyance in 1971, his eastern boundary was in a different location, and at that earlier time he had erected a fence and planted trees along that line. This old fence ran from the end of a cinder block wall, which he had erected along the south side of his property, to an old property marker on the northeast corner. When his father made the three conveyances in 1971, he equalized the division of the property on the southern border so that plaintiffs received 112 feet; defendants received 111 feet, and the third parcel was allocated 112 feet. Prior to the 1971 conveyance, plaintiffs land was approximately 105 feet along the southern boundary. Russell Park testified he tore down his old fence prior to defendants moving into the home they had constructed on their property.

Defendants, in approximately August 1975, erected a fence in the vicinity of what they believed was their western boundary, adjoining plaintiffs' property. This fence extended along a line from the old property marker to the end of the cinder block wall. Plaintiffs employed Roger Dudley in December 1976, to survey the three lots conveyed in 1971, and subsequently informed defendants that their fence and shrubbery were located on plaintiffs' property.

At the trial, Roger Dudley, a registered land surveyor, testified that he surveyed the area more than once to verify his results. He prepared Exhibit 4, a survey of the two properties, which indicated defendants' fence was located approximately four feet on plaintiffs' property. The trial court found that to the extent there was any conflict in the testimony of the several witnesses, the court believed the testimony of Mr. Dudley. Plaintiffs were granted a decree quieting title in accordance with Exhibit 4, Mr. Dudley's survey. Two other registered land surveyors were called as witnesses (one was defendants') both testified there were no inaccuracies in Exhibit 4.

Neither of the parties claims any more land than that described in his conveyance. Further, there is neither a claim of adverse possession nor one for boundary by acquiescence. The issue is strictly limited to the location of the boundary as it is described in the conveyances.

On appeal defendants contend that plaintiffs are bound by the 1970 survey, and the subsequent surveys cannot affect the boundary line as previously established. To sustain such an argument, defendants cite *Washington Rock Co. v. Young*[1] and *Affleck v. Morgan*.[2] These cases are clearly distinguishable for they merely adhere to the ruling that official surveys of the United States government are not subject to attack between private parties in disputes over boundary lines. Thus, "the original corners as established by the government surveyors, if they can be found, or the places where they were originally established, if that can be definitely determined, are conclusive on all persons owning or claiming to hold with reference to such survey and the monuments placed by the original surveyor without regard to whether they are correctly located or not."[3]

■■■■ Defendants claim that such a principle can be applied to a situation where a property owner commissions a private survey of his property so that an adjoining property owner cannot challenge, by a subsequent survey of his property, the location of the boundary and the markers evidencing it placed by the first surveyor. Such is not the law. The evidence in this case indicates the ¼ corner, to which the various

**1.** 29 Utah 108, 80 P. 382 (1905).

**2.** 12 Utah 2d 200, 364 P.2d 663 (1961).

**3.** *Henrie v. Hyer*, 92 Utah 530, 537, 70 P.2d 154 (1937).

surveys were tied, was located in the same place during the time the surveys were made, therefore, the principle upon which defendants rely is inapplicable. Unless there is some basis for an estoppel, an adjoining landowner can generally by commissioning his own survey, challenge the accuracy of the boundary line established by another surveyor.[4] Under the survey accepted by the trial court, the boundaries of defendants' land coincide in length with those in the description in their deed.[5] Defendants have failed to establish any basis upon which they could claim title to a portion of plaintiffs' land.

■ Defendants further contend the trial court erred in striking the testimony of one witness, Christensen. The witness was called by defendants to interpret the field notes of Aspen Engineering, the surveyor in 1970. During the trial, defense counsel stated that the witness was not called to testify as an expert surveyor but as an officer of Aspen Engineering, who had access to the business records, for the witness had not participated in the survey.

The field notes were already in evidence, and defense counsel's purpose in calling the witness was to have him interpret them. Since the witness was neither testifying as an expert nor had personal knowledge of the survey, the trial court did not err in striking his testimony.[6]

CROCKETT, C. J., and HALL and STEWART, JJ., concur.

WILKINS, J., heard the argument but resigned before the opinion was filed.

---

**4.** *Davis v. Davis*, 111 Utah 324, 178 P.2d 394 (1947); *Stratford v. Wood*, 11 Utah 2d 251, 358 P.2d 80 (1961).

**5.** *Ovard v. Cannon*, Utah, 600 P.2d 1246 (1979).

