**BOUNTIFUL, A Municipal Corporation, Plaintiff and Appellee,**

v.

**Kelly R. RILEY and Mary Riley, his wife, Defendants and Appellants.**

**No. 860344.**

Supreme Court of Utah.

Dec. 20, 1989.

George K. Fadel, Bountiful, for defendants and appellants.

Layne B. Forbes, Bountiful, for plaintiff and appellee.

STEWART, Justice:

Kelly and Mary Riley appeal from a judgment quieting title to a disputed strip of land in favor of Bountiful City. The City brought an action to quiet title to a six-foot-wide 250–foot–long parcel of land, which was necessary for the widening of 500 South Street in Bountiful. The northern boundary of the Rileys' property fronts on 500 South and runs east to 100 East. The issue is the precise location of the boundary between their lot and 500 South.

Relying on the description in the original deed to their property issued in 1874, the

Rileys contend that their northern boundary should extend six inches into the existing sidewalk that borders the southern edge of 500 South. That boundary would place the entire disputed area in their ownership. In support of their position, the Rileys claim that an old oak fence post is a monument used in the original survey conducted in the late 1800s and that the monument marks the southeast corner of their lot. The Rileys also argue that the placement of the sidewalk along 500 South by the City in 1922 serves as another monument marking the northern border between their property and the street.

The Rileys acknowledge, however, that as early as 1927, the City was unable to locate monuments of the original survey. By a resolution dated March 24, 1927, the city council authorized a resurvey by C. William Burningham. Burningham established the center line of the city streets and placed permanent monuments in each intersection. The Rileys contend that Burningham's use of street center lines led to significant deviations from the original survey.

At trial, the City relied upon the Burningham resurvey and the monument he placed at the intersection of 500 East and 100 South as the starting point in measuring the land. The City presented evidence that 500 South was considered in early deeds to be a four-rod- or sixty-six-foot-wide street. Based on that, and measuring from Burningham's monument, the City located the disputed boundary six feet south of the sidewalk, thereby bringing the disputed area within the City's control.

The City also presented evidence of sufficient footage between the Rileys and adjacent property owners to the south to accommodate the full footage called for in the Rileys' deed. The City denied that the sidewalk's placement was reliable evidence of the location of the boundary and presented testimony that the placement of sidewalks was not always along property lines and that placing the sidewalk six feet farther south along the true boundary would have required the building of an expensive retaining wall.

The Rileys countered by focusing on language in a 1927 city report authorizing the levy of a sidewalk tax on the property "abutting" the streets. Records show that Kelly Riley's grandmother paid the tax for the portion of the sidewalk in front of the lot along 500 South.

The trial court filed twenty-six findings of fact and eleven conclusions of law. Essentially, the court adopted the City's position on the key facts. In so doing, the court concluded that the Burningham resurvey controlled over the earlier survey because no reliable monuments of the earlier survey existed.

The trial court's findings of fact will not be set aside unless clearly erroneous. Utah R.Civ.P. 52(a). The same standard applies in equity cases. *Ashton v. Ashton,* 733 P.2d 147, 150 n. 1 (Utah 1987). A finding is clearly erroneous if it is against the great weight of evidence or if the court is otherwise definitely and firmly convinced that a mistake has been made. *State v. Walker,* 743 P.2d 191, 193 (Utah 1987). A trial court's conclusions of law, on the other hand, are reviewed for correctness and are not given special deference. *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.,* 744 P.2d 1376, 1378 (Utah 1987).

■ Generally, a resurvey cannot disturb boundaries established by original survey monuments even if the original survey was incorrect. *Henrie v. Hyer,* 92 Utah 530, 537, 70 P.2d 154, 157 (1937); *Washington Rock Co. v. Young,* 29 Utah 108, 118–19, 80 P. 382, 386 (1905). This doctrine preserves the property rights of individuals who may have reasonably relied upon the original survey. *Washington Rock,* 29 Utah at 117–18, 80 P. at 385.

However, when monuments of the original survey disappear or are unascertainable, an official resurvey based on the best extrinsic and material evidence of the original survey may reestablish monuments for prospective use. *Henrie,* 92 Utah at 537–38, 70 P.2d at 157; *Washington Rock,* 29 Utah at 119, 80 P. at 386. That is what occurred here. For that reason, we hold that the trial court correctly relied on the

1927 Burningham resurvey. No clearly established monuments from the original survey remained. Even the Rileys agreed that what had prompted the City to commission the 1927 Burningham resurvey was the lack of original monuments.

*Hudson v. Erickson,* 67 Wyo. 167, 216 P.2d 379 (1950), provides guidance that is directly on point. In that case, the defendant landowners contested the validity of a 1932 official resurvey of the city of Evanston, Wyoming. The City had commissioned the resurvey because stakes and other monuments from an original 1892 survey laying out the city blocks had disappeared. The defendants attempted to introduce testimony that a particular fence near their property served as a monument to the original survey and marked the true boundary between them and the plaintiff. The court rejected the defendants' offer of proof and sustained the trial court's reliance on the 1932 resurvey. It affirmed the principle that official surveys are presumed to be accurate. *Hudson,* 67 Wyo. at 180, 216 P.2d at 383 (citing 11 C.J.S. *Boundaries* § 104 (1938)).

■ The trial court found that the Rileys' expectations of ownership have not been disturbed since they have the full footage called for in their deed, even using the Burningham resurvey. The city engineer found two different survey rivets or markers of unknown date several hundred feet south of 500 South Street. Each marker was precisely where it was supposed to be in relation to the Burningham marker in 500 South Street, and each marker was in agreement with property use lines. Using those markers and measuring back to 500 South Street, the engineer testified that the Rileys had precisely the 198 feet called for in their deed as the western footage of their property, even when the City was given all that it claimed.[1] The finding of the trial court is, therefore, adequately supported by the evidence. Finally, the City presented evidence that property owners in Bountiful have come to rely

on the 1927 Burningham resurvey. We are not now inclined to declare the Burningham monuments invalid, thereby making uncertain perhaps hundreds of lots in Bountiful. *See Hudson,* 67 Wyo. at 180, 216 P.2d at 383.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

---

1. The Rileys contested the City's measurement, claiming that use of the measurement put the south boundary of their property in the asphalt driveway of their southern neighbor. However, no independent survey evidence confirmed this. In fact, Kelly Riley testified that a survey which he commissioned in 1970 produced results virtually identical to those claimed by the City.