George G. **MAHAS** and Lucille H.
Mahas, Plaintiffs and Appellees,

v.

LaVar **RINDLISBACHER**, Defendant
and Appellant.

No. 880350.

Supreme Court of Utah.

Nov. 1, 1990.

Rehearing Denied April 2, 1991.

Gary A. Sargent, Salt Lake City, for defendant and appellant.

I. Gordon Huggins, Ogden, for plaintiffs and appellees.

Robert L. Froerer, Ogden, for amicus.

HOWE, Associate Chief Justice:

Plaintiffs George G. Mahas and Lucille H. Mahas, his wife, brought this action against defendant LaVar Rindlisbacher to quiet title to real property in Slaterville, Weber County, Utah, and to recover damages for defendant's use of the property. The trial court quieted title in plaintiffs but dismissed their claim for damages because of insufficient evidence. Defendant appeals.

Plaintiffs and defendant own adjoining tracts of land, with plaintiffs' tract lying immediately north of defendant's tract. The two properties are physically separated by an old fence, which expert witnesses determined ran along the line of a canal which is called to in the legal descriptions contained in the vesting deeds of both plaintiffs and defendant, as well as back in plaintiffs' chain of title for many years. The canal does not now exist, and there was no evidence at the trial that it ever existed except for the deed references mentioned above. Approximately 400 feet north of the fence line lies the Warren Canal, running east and west. Defendant asserts that it is this canal which is called to in the legal descriptions and which forms the boundary between his property and plaintiffs'. The trial court disagreed and quieted title to the property between the fence line and the Warren Canal in plaintiffs.

The abstract of title to plaintiffs' property was received in evidence. It reveals that from 1884 to 1902, all of plaintiffs' property and most of defendant's property (except for the southernmost part, with which we are not concerned in this action) was in common ownership, being encompassed in a 15.82–acre tract. In 1902, the tract was divided, with plaintiffs' predecessors in title acquiring that portion of the tract lying north of "the canal." The same legal description of the 15.82–acre tract was used in that conveyance and continued to be used in each subsequent conveyance, with the qualification that only that portion of the tract lying "north of the canal" was being conveyed. No designation was giv-

en, however, as to the location of the canal. This general description continued to be used until 1970, when plaintiffs' immediate predecessors in title, Jimmy Mahas and Joan Mahas, his wife, received title by a deed which employed a specific metes and bounds description and called to the Warren Canal as the south line. In 1985, Jimmy and Joan Mahas conveyed to plaintiffs using the same description, with its call to the Warren Canal as the south line. These two deeds, which had calls in their descriptions to the Warren Canal, were later corrected by correction deeds which were recorded in 1987, near the time this lawsuit was filed. The correction deeds deleted the calls to the Warren Canal and substituted calls to "canal" or "an old canal line." The amount of acreage intended to be conveyed was not stated. As corrected, plaintiffs' description is as follows, starting near their northwest corner and running on the bearing "South 27 [degrees] West to Canal":

A part of the Northeast Quarter of Section 10, Township 6 North, Range 2 West, Salt Lake Meridian, U.S. Survey: Beginning at a point 8 chains West of the Northeast corner of said Section 10; running thence West 1.06 chains; *thence South 27 [degrees] West to Canal; thence Southeasterly along said canal to a point North 15 [degrees] East 10.18 chains from County Road;* thence North 15 [degrees] East 975 feet; thence North 74 [degrees] West 198 feet to the point of beginning.

(Italics added.)

The descriptions used in defendant's chain of title were not placed into evidence. However, the deed by which he acquired title to his tract employs a legal description which commences at his southwest corner and runs "thence North 27 [degrees] East 12.00 chains, more or less, to a canal." Again, the amount of acreage conveyed is not stated. That description reads in full:

A Part of the NOrtheast Quarter of Section 10, Township 6 North, Range 2 West, Salt Lake Meridian, U.S. Survey: Beginning 9.06 chains West and South 27 [degrees] West 22.43 chains from the Northeast corner of Section 10 (at a point in the Northerly line of the County road) *thence NOrth 27 [degrees] East 12.00 chains, more or less, to a canal; thence Southeasterly along canal to a point North 15 [degrees] East 10.18 chains from the County Road;* thence South 15 [degrees] West 10.18 chains to the County Road; thence Northwesterly along the County Road, 600 feet, more or less, to the place of beginning. Excepting therefrom that portion Deeded to Marvin L. Barney & wife Edith E. Barney in Book 1037, Page 2 and Book 1022, Page 70 of Records.

(Italics added.)

It is to be noted that the west lines of both plaintiffs' and defendant's tracts run along the same bearing and both descriptions call to a canal, at which point the descriptions meet. Both descriptions then run southeasterly along the canal, forming a common boundary. Plaintiffs' expert witnesses, including a licensed surveyor, testified that neither the legal description in plaintiffs' corrected deed nor the legal description in defendant's deed would close if the Warren Canal was the canal referred to. On the other hand, when the canal is assumed to have run along the old fence line, which is some 400 feet south of the Warren Canal, the descriptions close and harmonize with each other. This is chiefly due to the fact that a common point in the two descriptions is the southeast corner of plaintiffs' property and the northeast corner of defendant's property. In each of their deeds, that point is described as being north 15 degrees east 10.18 chains from the county road. Defendant's expert did not disagree with the conclusions of plaintiffs' experts.

▆ Defendant, however, assails the trial court's judgment on the ground that it violated the well-established rule that in interpreting legal descriptions, a call to a monument or marker takes precedence over courses and distances. *Henrie v. Hyer*, 92 Utah 530, 538, 70 P.2d 154, 157 (1937); *Washington Rock Co. v. Young*, 29 Utah 108, 119, 80 P. 382, 386 (1905). Defendant argues that the Warren Canal is the only canal physically on the land and

that the calls in the deeds to "a canal" must be interpreted to mean the Warren Canal even though its location does not coincide with the distances in the deeds. Defendant relies upon a correct principle of law which we follow here. However, its application leads us to inquire, "What canal do the descriptions call to?" Even though the Warren Canal has existed since at least 1908, it is significant that the only deeds which referred to it by name were the two deeds in plaintiffs' chain of title in 1970 and 1985. These two deeds were corrected to eliminate that reference. There is no evidence that the Warren Canal was ever referred to by name in defendant's chain of title as the boundary. To the contrary, the northwest corner in defendant's description is a point on the canal, 12 chains, more or less, on a bearing from the county road. His northeast corner is also at a point on the canal, 10.18 chains on a bearing from the county road. Both points are hundreds of feet south of the Warren Canal. Plaintiffs' surveyor testified that in his years of experience he had not encountered a legal description containing a "more or less" distance to a monument (such as defendant's west line) where the distance given varied more than one to ten feet from the actual distance to the monument, and never 400 feet as here. Furthermore, the legal descriptions used in the deeds of defendant's two adjoining neighbors on the east also fixed the location of the canal which formed their northern boundary as being definite distances from the county road. These distances harmonized with the distances in plaintiffs' and defendant's deeds.

In sum, there was an abundance of testimony and evidence that the canal referred to in the legal descriptions since 1902 was not the Warren Canal but an unnamed canal which ran along the present fence line separating plaintiffs' and defendant's tracts. Plaintiffs adduced expert testimony that it is common for legal descriptions to call to or refer to unnamed ditches or canals. Also, we take judicial knowledge that "canal" and "ditch" are sometimes used interchangeably. Thus, the canal referred to here for the first time in 1902 could have been nothing more than a small irrigation ditch serving several properties at that time but long since abandoned and filled. Scriveners of deeds have continued, however, to slavishly employ the old call.

The trial court's finding that the Warren Canal is not the canal referred to in the parties' descriptions is supported by competent evidence and is not "clearly erroneous." Utah R.Civ.P. 52(a). We therefore affirm the judgment quieting title in plaintiffs, but deny their request for double costs and attorney fees under rule 33(a), Utah Rules of Appellate Procedure. We express appreciation to the Utah Council of Land Surveyors for its interest in this case and its filing of an amicus curiae brief.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

ZIMMERMAN, Justice (dissenting):

I cannot join the majority opinion. I would reverse the trial court and direct that it enter a judgment fixing the Warren Canal as the boundary between these two parcels.

As Justice Howe notes, the usual rule is that calls to monuments control over metes and bounds calls. *Achter v. Maw,* 27 Utah 2d 149, 155, 493 P.2d 989, 993 (1979); *Scott v. Hansen,* 18 Utah 2d 303, 306, 422 P.2d 525, 527 (1966); *Johnson Real Estate Co. v. Nielson,* 10 Utah 2d 380, 382, 353 P.2d 918, 920 (1960); *Finlayson v. Denver & R.G.W.R.,* 110 Utah 319, 323, 172 P.2d 142, 144 (1946); *Park v. Wilkinson,* 21 Utah 279, 284, 60 P. 945, 946 (1900). Here, appellants and the amicus curiae, the Utah Council of Land Surveyors, contend that the trial court gave preference to the metes and bounds description over the call to a canal. Appellant and the amicus both contend that there is no evidence that a canal ever existed at the point indicated by the metes and bounds description and that the only canal in the area is the Warren Canal. Both argue that the descriptions make perfect sense when read to run to the Warren Canal.

Justice Howe would affirm the trial court by reasoning that the trial court found the metes and bounds to agree with

the call to "a canal." This result is accomplished by suggesting that the trial court found, on the basis of substantial evidence, that there was a canal at the location indicated by the metes and bounds calls, a canal other than the Warren Canal.

The difficulty with Justice Howe's reasoning is that there is absolutely no evidence in the record, apart from the metes and bounds calls in the deeds, that any canal ever existed at the point called to. In fact, the trial judge did not claim to have found that such a monument ever existed. Instead, he stated only that "there is some evidence of a possibility that at one time there was a canal in that area [the area called to]." This is not enough to support a finding that such a canal ever existed, and absent such a finding, the call to a canal must be given preference over the metes and bounds and the boundary must be settled at the Warren Canal.

For these reasons, I would hold that the trial court committed an error of law by preferring a metes and bounds call over a call to a monument. To the extent that the trial court's statement could be construed to be a finding that there may once have been a canal other than the Warren Canal in a location congruent with the metes and bounds description, I would hold that such a factual finding was clearly erroneous. Utah R.Civ.P. 52(a); *see, e.g., Grayson Roper Ltd. v. Finlinson*, 782 P.2d 467, 470 (Utah 1989); *Western Kane County Special Serv. Dist.*, 744 P.2d 1376, 1377 (Utah 1987).