358 P.2d 80

Lawrence H. STRATFORD and Ella L.
Stratford, Plaintiffs and Respondents,

v.

George G. WOOD and Leah C. Wood, his
wife, Defendants and Appellants.

No. 9198.

Supreme Court of Utah.

Jan. 3, 1961.

Moffat, Iverson & Elggren, Salt Lake City, for appellants.

Stephens, Brayton & Lowe, Thomas C. Cuthbert, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiff Stratfords and defendant Woods are adjoining land owners in the Groves Subdivision in Emigration Canyon. Plaintiffs instituted this action to quiet title to Lots 11, 12 and 13 of Block 5 of that subdivision. Plaintiffs also seek damages for trespass to their land by defendants. From a verdict and judgment in favor of the plaintiffs, defendants appeal.

In June, 1954, the Woods built a sleeping cabin upon land which is now acknowledged to be that of plaintiffs. Between this sleeping cabin and the main cabin of defendants are two patios which plaintiffs claim are also upon their land.

In order to determine the true boundary line between the lands, plaintiffs hired Robert A. Wilkins to survey the lots. Later they hired Bush & Gudgell to do a similar survey. Plaintiffs rely upon the Bush & Gudgell survey which marks the boundary so as to include the cabin and the patios on plaintiffs' land. The defendants rely upon the Wilkins survey which places the boundary so as to include the patios upon the defendants' land. The Wilkins survey places the boundary approximately 17 feet north of the Bush & Gudgell survey. Mr. Arnold W. Coon, a third surveyor, was hired by defendants to check the survey of Bush & Gudgell.

Over defendants' objection plaintiffs were allowed to introduce the testimony of Mr. Coon as to which of the other two surveys was correct. Although the testimony shows that Coon did not make a complete independant check of the procedures used by Wilkins, it does show that Coon determined the location of the Bush & Gudgell survey line in regards to the Wilkins survey line. The objection to this testimony raised below, and that here advanced is that it called for an answer which involved the very issue which was to be resolved by the jury and hence invaded its province. The objection was untenable.[1]

The defendants allege that the trial court committed error in refusing to permit

---

1. Joseph v. W. H. Groves Latter Day Saints Hospital, 7 Utah 2d 39, 318 P.2d 330.

counsel for the defendants to argue to the jury that the fact that the property between the two survey lines for many years has been used in connection with the property now owned by the Woods, is evidence that the Wilkins survey is correct. The defendants had pleaded a prescriptive user of the tract in question. The trial court concluded that the Woods had no prescriptive right to the property because the prescriptive period of use had not been shown, and the court so instructed the jury. No appeal from this ruling is presented for review. The jury was to decide which survey was correct in locating the true boundary. How the property was used was not relevant to that question, and argument thereon was properly excluded.

The final question is whether the trial court erred in instructing the jury that the plaintiffs be awarded one-half of the reasonable costs of making a survey of the land. Such expenditures are not in the nature of costs nor damages. The surveys were made in preparation of plaintiffs' case.[2] The present case is readily distinguishable from Davis v. Davis, 111 Utah 324, 178 P.2d 394, which plaintiffs cite in support of the instruction. In the Davis case the parties had agreed to have a survey of the land, and the surveyor was employed by the parties jointly and not by an individual party who was preparing his case for litigation. Since the cost of the Bush & Gudgell survey, upon which plaintiffs rely, was $480, one-half of that amount, or $240, should be deducted from the judgment.

As so modified, the judgment is affirmed. Parties to bear their own costs.

WADE, C. J., and HENRIOD, CALLISTER, and CROCKETT, JJ., concur.

2. Weiss v. Meyer, 24 Or. 108, 32 P. 1025.