Jon Michael CADY and Carolyn Cady, husband and wife, Telford Realty Company and Rich Edwards, dba All Seasons Realty, Plaintiffs and Appellants,

v.

Reta May JOHNSON and Jared L. Johnson, Defendants and Respondents.

No. 18373.

Supreme Court of Utah.

Sept. 20, 1983.

Melvin C. Wilson, Farmington, for plaintiffs and appellants.

C. DeMont Judd, Jr., Ogden, for defendants and respondents.

HOWE, Justice:

This appeal arises from a suit brought by plaintiffs Jon and Carolyn Cady, husband and wife, Telford Realty and Rich Edwards. On July 8, 1980, the Cadys received a written offer from defendants, Jared and Reta May Johnson, to purchase their home in Kaysville, Utah. At that time the home was being advertised for sale by Telford Realty under a listing agreement. Rich Edwards, a salesman for All Seasons Realty, prepared the offer which was signed "Reta May Johnson by Jared Johnson, son" as purchaser. Jared also gave Edwards a $500 check drawn on his mother's bank account as earnest money. The Cadys accepted the offer.

On August 19, 1980, the Cadys vacated their home. A closing date on the sale was set for August 25. Financing arrangements had been submitted and approved. On August 25, the defendants did not appear for closing. One week later, Edwards received a letter from defendants indicating their desire not to purchase the home and requesting the return of their $500 earnest money deposit. Plaintiffs refused, retained the earnest money deposit and brought suit for additional damages for breach of contract or, in the alternative, for equitable relief for failure to perform the contract.

Plaintiffs' first cause of action sought damages for expenses they incurred in having to re-sell their home. This action was dismissed at trial on their own motion on the strength of *Andreasen v. Hansen,* 8 Utah 2d 370, 335 P.2d 404 (1959), and has not been appealed. Their second cause of action sought damages on behalf of all plaintiffs for the lost real estate commission. They contend that Edwards, who received nothing when the home was later re-sold, should receive the value of his services under a principle of either equity or third-party beneficiary contract, despite the Cadys' election to retain the earnest money as liquidated damages. In their answer, defendants alleged that Jared Johnson was not properly authorized to enter into the agreement in behalf of Reta May Johnson, his mother. They also alleged that plaintiffs holding real estate licenses knew or should have known that the statute of frauds, U.C.A., 1953, § 25–5–1, requires written authorization from one to allow another to bind him to a contract for the purchase of real property. The trial court dismissed the second cause of action pursuant to § 25–5–1.

Defendants then asked that attorney's fees be awarded them pursuant to U.C.A., 1953, § 78–27–56, and the trial court awarded $1,592 in fees against plaintiffs. The amount was based on figures presented by defendants' attorney that he and former counsel had spent 24.5 hours at $65.00 per hour in defending the lawsuit. The trial court found this amount reasonable. In addition, the trial court entered supplemental findings of fact that plaintiffs did not have an actionable claim; yet they had assured the trial judge that there would be material issues at trial and it was not until trial that the judge found there were no such issues. It was also concluded by the trial judge that had plaintiffs researched the law, they would have known their claims were meritless and could have saved the court time in not having to go to trial.

Plaintiffs now contend that the trial court erred in summarily dismissing their second cause of action without addressing the issues of whether or not plaintiffs were donee or creditor beneficiaries. We disagree. Before considering what type of contract exists, the trial court must satisfy the most fundamental of contract law principles; that is, was there a contract? Utah law is clear that only a written power of attorney will authorize one to bind another to a contract for the sale of real property.

> No estate or interest in real property . . . shall be created . . . otherwise than by deed or conveyance in writing subscribed by the party creating . . . or by his lawful agent thereunto authorized by writing. U.C.A., § 25–5–1 (1953 as amended).

In the instant case, there was no dispute as to the absence of the written power of attorney. Therefore, no authorization was ever established. There being no authorization, there could be no contract; there being no contract, there could be no right to recover under theories of donee or creditor beneficiaries. Therefore, the trial court correctly dismissed the plaintiffs' second cause of action.

Plaintiffs also contend that the trial court erred in awarding attorney's fees to defendants pursuant to U.C.A., 1953, § 78–27–56 which was enacted in 1981 providing that:

> In civil actions, where not otherwise provided by statute or agreement, the court may award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith.

The statute is narrowly drawn. It was not meant to be applied to all prevailing parties in all civil suits. To safeguard against too broad an application, two elements are required in addition to being a prevailing party. First, the claim must be "without merit." We have not heretofore had occasion to define this term. However, under a provision of the Federal Securities Act which awards attorney's fees "if the court believes the suit or defense to have

been without merit," it was stated in *Can-Am Petroleum Co. v. Beck,* 331 F.2d 371 (10th Cir.1964), that the term implies bordering on frivolity. The dictionary definition of "frivolous" is "of little weight or importance having no basis in law or fact." While there may be some distinction between these two terms in other areas of the law, for purposes of this statute we believe the terms are synonymous. While this definition may lack some of the nuances found in common law definitions, it adequately serves the purpose of the statute before us and is clearly understood. See *Morton v. Allied Stores Corp.,* 90 F.R.D. 352 (D.Colo. 1981). In the instant case, the plaintiffs clearly had no legal basis for recovery of additional damages after the Cadys had retained the earnest money deposit, *Andreasen v. Hansen,* supra, and in face of the statute of frauds. Therefore, we affirm the trial court's finding that the claim was "without merit."

In addition to finding the claim to lack merit, the trial court must also find that plaintiffs' conduct in bringing suit was lacking in good faith. In *Tacoma Assoc. of Credit Men v. Lester,* 72 Wash.2d 453, 458, 433 P.2d 901, 904 (1967), the court defined "good faith" as:

> (1) An honest belief in the propriety of the activities in question; (2) no intent to take unconscionable advantage of others; and (3) no intent to, or knowledge of the fact that the activities in question will, [sic] hinder, delay or defraud others.

To establish lack of good faith, one must prove that one or more of these factors is lacking. *Sparkman and McLean Co. v. Derber,* 4 Wash.App. 341, 481 P.2d 585 (1971).

The federal courts offer a similar definition, however, inversely stated. Bad faith must be found in order to award attorney's fees to a prevailing party. See *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631 (5th Cir.1971); *Cleveland v. Second Nat'l Bank & Trust Co.,* 149 F.2d 466 (6th Cir.1945). Bad faith is found when one of the three elements heretofore stated is lacking. While there may be a distinction between bad faith and "lack of good

**152**

faith" in other areas of the law, for purposes of U.C.A., 1953, § 78–27–56, the two terms are synonymous.

Attorney's fees have been denied where the proceedings instituted by the unsuccessful party were not initiated in bad faith or for the purpose of vexation or harassment. See *Medtronic, Inc. v. Mine Safety Appliances Co.,* 468 F.Supp. 1132 (D.Minn.1980); *Walker v. Columbia Broadcasting System, Inc.,* 443 F.2d 33 (7th Cir.1971). In *Catanzaro v. Masco Corp.,* 423 F.Supp. 415 (D.Del. 1976), the court refused to grant attorney's fees, although plaintiffs' action for patent infringement was legally unsupportable where the record did not affirmatively establish either bad faith or the possibility of self-induced myopia. In *Chicago Title & Trust Co. v. Fox Theaters Corp.,* 178 F.Supp. 899 (D.N.Y.1959), the court denied the respondent's request for attorney's fees, notwithstanding dismissal of the petition in a twenty-year-old equity receivership action. The proceeding was doubtless lacking in merit, the court conceded, adding however, that it could not be said that it was necessarily brought in bad faith or for purposes of vexation or harassment. In other words, not only must there be substantial evidence that the claim was lacking basis in either law or fact and therefore frivolous, but there must also be sufficient evidence that the unsuccessful party lacked at least one of the good faith elements heretofore stated. See *Sparkman and McLean Co.,* supra, p. 591.

In the instant case, the trial court found lack of good faith because had plaintiffs researched the issue as instructed at pre-trial conference, they would have discovered they had no valid claim and they could have saved the court valuable time by avoiding trial. We disagree that this conduct constitutes bad faith. Plaintiffs were clearly pursuing a meritless claim and better preparation might well have disclosed that to them. However, that conduct does not rise to lack of good faith. The evidence must also affirmatively establish a lack of at least one of the three elements of good faith heretofore discussed. There was no evidence that plaintiffs lacked an honest

(although ill-formed) belief in their claim; that they had an intent to take an unconscionable advantage of defendants; nor that they had the intent to, or knowledge that their suit would hinder, delay or defraud defendants. *Tacoma Assoc. of Credit Men v. Lester,* supra.

The judgment is affirmed except the award of attorney's fees to defendants is vacated. Each party to bear his own costs.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.