**Tad HATANAKA, Plaintiff and Respondent,**

**v.**

**K.E. STRUHS and Jacqueline Struhs, his wife, Defendants and Appellants.**

**No. 860087–CA.**

Court of Appeals of Utah.

July 6, 1987.

Roy G. Haslam, Paul D. Veasy, Biele, Haslam & Hatch, and John Walsh, Salt Lake City, for defendants and appellants.

John S. Chindlund, James A. Boevers, Prince, Yeates & Geldzahler, Salt Lake City, for plaintiff and respondent.

Before ORME, GARFF and DAVIDSON, JJ.

## OPINION

DAVIDSON, Judge:

The Third District Court ordered defendants to remove the fence, dirt, and debris they placed on what was determined to be plaintiff's property. Defendants were permanently enjoined from placing any additional fences, debris or fill on the land at issue. The trial court Judgment decreed that neither party was entitled to an allowance of attorney's fees under Utah Code Ann. § 78–27–56 (1981), plaintiff was not entitled to punitive damages because defendants' trespass was not willful, and that plaintiff was entitled to recover his costs. Defendants appeal from the Judgment and the denial of their Motion for a New Trial, Motion to Alter or Amend the Judgment, and Motion for Reconsideration. Plaintiff cross-appeals from the denial of punitive damages and attorney's fees. We affirm in part and reverse in part.

The parties are owners of property in Little Mountain Subdivision No. 2 (Little Mountain) in Emigration Canyon, Salt Lake County. Plaintiff's property includes Lot 39 and that of defendants includes Lot 38, with the two being adjacent. The Killyons Subdivision (Killyons) lies to the north of Little Mountain. Both subdivisions are situated in Section 27, T1N, R2E, Salt Lake Base and Meridian. The southwest corner of Section 27 is the beginning point of Little Mountain and that of Killyons is the northwest corner of the same section. Both subdivisions were platted by E.G. Swenson, then Salt Lake County Surveyor, in a private survey during 1909–1910. The U.S. Bureau of Land Management (BLM) conducted its survey of Section 27 in 1881. The Utah Department of Transportation (UDOT) also conducted a survey of Emigration Canyon between 1932 and 1936.

The field notes from both of these surveys still exist.[1]

The 1881 BLM survey notes state that a sandstone monument was placed at the southwest corner of Section 27. This monument can no longer be found, although several surveys have attempted to do so. At some uncertain, previous date, the Salt Lake County Surveyor emplaced a 6 inch by 6 inch cedar post in the ground and designated it the southwest corner of Section 27. Subsequent surveys employing this post as the beginning point of Little Mountain indicated that either the subdivision has shifted over 100 feet to the east or the post is incorrectly placed.

A steel pipe of unknown origin is located at the northwest corner of Lot 25 in Little Mountain. Several surveys during the past forty years have been conducted using the steel pipe as a control point. Surveys from the steel pipe to the southwest corner of Section 27 establish the beginning point of Little Mountain such that the BLM and UDOT survey notes indicate conformity with the terrain as it physically exists.

In 1962, defendants caused a survey to be conducted utilizing the steel pipe. This survey established a boundary line between Lots 38 and 39, but the results were not certified because the surveyor could not tie it in with Killyons. In 1979, defendants installed a chain link fence well inside plaintiff's property based on the common boundary as established by defendants' 1962 survey. Plaintiff brought this action in April 1982.

Plaintiff commissioned three surveys which were conducted in 1979, 1983, and 1984. These surveys employed the steel pipe in the northwest corner of Lot 25 as a control point. Information obtained from all surveys indicated that the common boundary would be in the same position as determined by defendants' initial survey. Defendants' second survey was executed in 1983. It utilized the beginning point of Killyons as a control point and was based on the assumption that Killyons and Little

---

1. Field notes are the record of the party conducting the survey and can be referred to by subsequent surveys which reestablish points previously determined by the original survey.

Mountain are contiguous. This survey was not certified but still placed defendants' fence approximately twenty feet inside plaintiff's land. In 1984, defendants placed fill dirt and debris on what they believed to be their side of the property line but which was in the disputed area.

■ Utah R.Civ.P. 52(a) states that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In the instant case, the Findings of Fact were based on four days of trial and the testimony of thirteen witnesses.[2] The critical Conclusion of Law delineating the common boundary between the parties is based on the weight and credibility of the surveys found to be closest to what should be expected when the field notes of the BLM and UDOT surveys are consulted. Instead of being clearly erroneous, we believe that the Findings of Fact flow logically from the testimony presented and, therefore, will not be disturbed. As a result, defendants were trespassing on plaintiff's property when they constructed the fence and deposited the dirt and debris. That portion of the Judgment which ordered the removal of the fence, dirt, and debris, in addition to permanently enjoining defendants from doing similar future acts on plaintiff's property, is affirmed. That portion of the Judgment which delineates the common boundary between the parties is affirmed.

■ Plaintiff asserts that the trial court erred in not awarding attorney's fees pursuant to Utah Code Ann. § 78–27–56 (1981) which states:

> In civil actions, where not otherwise provided by statute or agreement, the court may award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith.

The Utah Supreme Court in *Cady v. Johnson*, 671 P.2d 149, 151 (Utah 1983) discusses the above Code section and its two elements. In the instant case it is not necessary to examine whether or not defendants' defense was asserted in "good faith" because it cannot be said that it was "without merit." The trial record indicates, at great length, that court's reasoning why defendants' conduct evidenced some merit. We will not second guess the trial court's opinion and we affirm that portion of the Judgment.

■ Plaintiff asserts additional error in that he contends the trial court should have awarded punitive damages. In *Atkin Wright & Miles v. Mountain States Tel.*, 709 P.2d 330, 337 (Utah 1985), our Supreme Court set forth its pronouncements in various past cases relating to punitive damages. Appropriate to the instant appeal is "[b]efore punitive damages may be awarded, the plaintiff must prove conduct that is willful and malicious, or that manifests a knowing and reckless indifference and disregard toward the rights of others." (Citations omitted.) As in the issue of attorney's fees, the trial record reveals the court's belief that defendants' trespass was not willful and malicious. We believe that defendants' conduct does not approach the "knowing and reckless indifference and disregard" standard and thus, affirm that portion of the Judgment.

■ The final issue concerns defendants' assertion that the trial court erred in awarding plaintiff costs of a survey conducted subsequent to the commencement of this action. The Third District Court's Order of May 7, 1985, allowed surveyor's fees in the amount of $2,163.18. Plaintiff's Memorandum of Costs and Disbursements of November 14, 1984, indicates that he incurred the above cost on "1/16/84" for a survey conducted by "Larsen & Malmquist." At pages 303 and 304 of the trial transcript, M. Carl Larsen, a partner of Larsen & Malmquist Consulting Engineers and Land Surveyors, testified that he con-

---

**2.** The court drafted an exhaustive, well written Memorandum Decision containing specific Findings of Fact. This has proven to be of great benefit in revealing the court's view of the evidence and the basis for its decision.

ducted the survey per the instructions of plaintiff's counsel.

Utah R.Civ.P. 54(d)(1) states:

Except when express provision therefor is made either in a statute of this state or in these Rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....

The case of *Frampton v. Wilson,* 605 P.2d 771, 773–774 (Utah 1980), indicates that costs are "generally allowable only in the amounts and in the manner provided by statute" but the Supreme Court "has taken the position that the trial court can exercise reasonable discretion in regard to the allowance of costs; and that it has a duty to guard against any excesses or abuses in the taxing thereof." (footnote omitted.) That Court continued: "There is a distinction to be understood between the legitimate and taxable 'costs' and other 'expenses,' of litigation which may be ever so necessary, but are not properly taxable as costs." *Id.* at 774.

The Utah Supreme Court examined this precise issue in *Stratford v. Wood,* 11 Utah 2d 251, 358 P.2d 80, 81 (1961). There, defendants built on property which was later determined to be owned by plaintiffs. In order to determine the true boundary line of this Emigration Canyon property, plaintiffs commissioned two surveys and defendants had a third survey conducted. The trial court awarded plaintiffs one-half of the reasonable costs of the survey upon which they relied. The Supreme Court modified the Judgment on this issue declaring "[s]uch expenditures are not in the nature of costs nor damages. The surveys were made in preparation of plaintiffs' case."

The similarities between *Stratford* and the instant case are inescapable. Hatanaka relied on the Larsen & Malmquist survey which was conducted after the action was filed and was necessary to assist in the preparation of his case. It cannot be considered to be a "cost." We hold the trial court abused its discretion in awarding plaintiff the costs relating to the survey in view of the clear direction of this state's highest Court. That portion of the award of costs is ordered stricken.

Each party will bear its own costs on appeal.

ORME and GARFF, JJ., concur.