**Flint JESCHKE, Plaintiff and Appellant,**

**v.**

**David T. WILLIS and Granite School District, Defendants and Appellees.**

**No. 890229–CA.**

Court of Appeals of Utah.

May 1, 1991.

---

Robert B. Hansen (argued), Salt Lake City, for plaintiff-appellant.

R. Paul Van Dam, Atty. Gen., Stephen J. Sorenson, Asst. Atty. Gen., Chief, Litigation Div., Edward O. Ogilvie (argued), Asst. Atty. Gen., Salt Lake City, for defendants-appellees.

Before GREENWOOD, JACKSON and RUSSON, JJ.

JACKSON, Judge:

Plaintiff Flint Jeschke appeals the trial court's award of $10,000 in attorney fees against him, awarded pursuant to Utah Code Ann. § 78-27-56 (Supp.1990) and $2,000 in sanctions awarded pursuant to Utah R.Civ. P. 11 against his attorney Robert Hansen. We affirm the award as to Jeschke and reverse as to Hansen.

## FACTS

In June 1987, Jeschke brought suit against David T. Willis, a school bus driver, and Granite School District (defendants) for injuries, lost income, and other expenses allegedly resulting from a rear-end collision in October 1985 in which Willis drove into Jeschke's truck with a school bus. During discovery, defendants obtained documents indicating that Jeschke had made an insurance claim on a rear-end accident a few weeks prior to the bus accident. In addition, defendants discovered medical records indicating that Jeschke was injured on a motorcycle in March 1986, almost six months after the bus accident. Further, defendants obtained insurance records in which Jeschke made a claim on his health insurance for back injuries from the motorcycle incident.

On August 9, 1988, counsel for defendants met with Jeschke's attorney, Robert Hansen, and revealed what they believed to be the fraudulent nature of Jeschke's claims. Hansen reviewed insurance documentation, medical records, and photographs. After this meeting, Hansen told defendants' attorneys he was going to withdraw as counsel. Hansen filed a withdrawal of counsel, stating to the trial court that Jeschke was attempting to perpetrate fraud on the court.

The trial judge initially accepted Hansen's withdrawal and contacted defendants' attorneys, telling them not to go forward with trial preparation. Shortly thereafter, the trial judge contacted Hansen and defendants' attorneys, telling them that he had changed his mind. He instructed the attorneys to prepare for trial. The attorneys for defendants communicated they would not be prepared to go forward, having been told earlier that there would be no trial. On October 4, 1988, the day set for trial, the trial judge met with both counsel, and granted defendants' motion to strike the trial date. A new trial date for November 9, 1988 was set.

After hearing two days of evidence, the jury returned a verdict finding that Willis was negligent, but that his negligence was not the proximate cause of the injuries Jeschke claimed. Subsequently, defendants filed a motion seeking attorney fees and sanctions. Jeschke's motion for oral argument was denied. The court granted defendants' motion for attorney fees in the amount of $10,000 against Jeschke and $2,000 as a sanction for violation of Rule 11 against Hansen.

## FEES AGAINST JESCHKE

On appeal, Jeschke first claims the trial court erred in awarding attorney fees pursuant to Utah Code Ann. § 78-27-56 (Supp. 1990). Section 78-27-56 provides that "(1) In civil actions, the court shall award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith...."

To prove that a claim is "without merit" under the statute, the party asserting an award of attorney fees must first demonstrate that the claim is "frivolous" or "of little weight or importance having no basis in law or fact." *Cady v. Johnson*, 671 P.2d 149, 151 (Utah 1983). The "without merit" determination is a question of law, and therefore we review it for correct-

ness. *See* Comment, *Attorney's Fees in Bad Faith, Meritless Actions,* 1984 Utah L.Rev. 593, 598. Second, the party must prove that the plaintiff's conduct in bringing the suit was lacking in good faith. This lack of good faith turns on subjective intent, and for purposes of the statute, is synonymous with a finding of "bad faith." *Cady,* 671 P.2d at 151–52; *Taylor v. Estate of Taylor,* 770 P.2d 163, 171 (Utah Ct.App. 1989). A finding of bad faith is a question of fact and is reviewed by this court under the "clearly erroneous" standard. *See, e.g., Topik v. Thurber,* 739 P.2d 1101, 1104 & n. 5 (Utah 1987); *cf. Canyon Country Store v. Bracey,* 781 P.2d 414, 421 (Utah 1989) (determination of bad faith reviewed for an abuse of discretion).

■ Jeschke sued to recover damages for injuries to himself and for damage to his truck. Jeschke testified in his deposition that his truck had never been in any accidents. However, the evidence obtained during discovery demonstrated that Jeschke's truck was in an accident several weeks before the bus accident. In addition, contrary to Jeschke's assertion that the bus accident caused substantial damage to his truck, expert testimony established that only negligible damage to the truck was possible. Jeschke also stated in his deposition that he gave the medical personnel who had treated him a complete medical history; however, testimony at trial re-

vealed that Jeschke had not disclosed pertinent information. Finally, Jeschke asserted in his deposition that he had not been involved in any accidents other than the bus accident. Medical records, however, demonstrated that Jeschke was injured while riding his motorcycle in March 1986, and that Jeschke was treated for those injuries.

Jeschke knew he had no factual basis for his claims. Jeschke's purposeful disregard for truth and his misrepresentations of material facts evidences that he lacked an honest belief in the propriety of his activities. His actions also demonstrate Jeschke intended or had knowledge that the activities in question would defraud others. Accordingly, we affirm on this issue.[1]

## SANCTIONS AGAINST ATTORNEY

■ Jeschke also claims the trial court erred in assessing Rule 11 sanctions against Hansen.[2] Rule 11 requires an attorney to make a reasonable inquiry as to the facts and law before signing and filing a document. Whether a Rule 11 violation has occurred is a question of law. *Taylor v. Estate of Taylor,* 770 P.2d 163, 171 (Utah Ct.App.1989). Therefore we review it for correctness without any special deference to the trial court. *Smith v. Smith,* 793 P.2d 407, 409 (Utah Ct.App.1990).

---

1. Jeschke also claims that the trial court erred in failing to enter written findings that the action was without merit and not brought or asserted in good faith. However, the Utah Supreme Court has noted that section 78–27–56 does not require written findings on bad faith unless the court fails to award attorney fees or limits its award of attorney fees. *Canyon Country Store v. Bracey,* 781 P.2d 414, 421–22 & n. 7 (Utah 1989). *But see Cady v. Johnson,* 671 P.2d 149, 151 (Utah 1983) (stating that the trial court must find the claim to lack merit and that plaintiffs' conduct in bringing suit was lacking in good faith); *Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 966 (Utah Ct.App.1989) (stating that in order to recover fees under section 78–27–56, a trial court must make findings that the claim or claims were without merit and the party's conduct was lacking in good faith).

   After this case was submitted to us, the supreme court decided *Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061 (1991). In *Watkiss & Campbell,* the supreme court quoted *Schettler*

favorably: "the trial court must make specific findings with regard to each element of the statute." *Id.* 808 P.2d at 1068. Therefore it appears that in future cases where attorney fees are awarded pursuant to the statute, specific findings are required.

2. Utah R.Civ.P. 11 provides in pertinent part that:

   Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record ... who is duly licensed to practice in the state of Utah.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose ...

Defendants argue that the trial court's sanction against Hansen was proper for the following reasons: Hansen was on notice that Jeschke made various misrepresentations during his deposition regarding his injuries and the damage to his truck. Hansen was shown photographs and documents from a prior rear-end collision that Jeschke had been involved in. The evidence established that Jeschke's claims were meritless, and this evidence was easily accessible to Hansen. Despite the information Hansen had received, he proceeded to trial.

In granting defendants' motion, the court stated that Hansen "could or should have sensed the nature and lack of merit in the case certainly from and after the meeting invited by defendants' counsel on August 3, 1988." The trial court also found "plaintiff's counsel to have proceeded in bad faith." Clearly a reasonable inquiry is required of an attorney at the time a document is signed and filed. However, defendants conceded in oral argument that no *particular* document was signed in violation of the rule. Defendants simply argued that even if Hansen believed the case was well grounded when he filed the complaint, after Hansen met with counsel for defendants, he should have known that the case could not go forward. While this may be true, this does not establish a basis for sanctions under the rule.[3] We conclude that the trial judge erred in his award of Rule 11 sanctions as to Hansen.

Our decision is buttressed by the fact that the trial court refused to allow Hansen to withdraw as counsel for Jeschke. In an on-record discussion between counsel for both parties and the court, the court stated it had received a phone call from defendants' attorneys representing that Hansen had filed a notice of withdrawal as counsel for Jeschke, based on, among other things, that "his client's position was unsupportable and he could not proceed with the case." The trial court, however, would not allow Hansen to withdraw "because a trial date had been set." We acknowledge the general rule that an attorney may not withdraw when withdrawal would result in a delay of trial. *See, e.g.,* R. 4–506 Utah Code of Judicial Admin. But we find no support for the trial court's decision to then sanction Hansen for proceeding with the very claims the court would not allow him to withdraw from pursuing. *Cf. In re Welfare of Hall,* 99 Wash.2d 842, 664 P.2d 1245, 1248 (1983) (where an appellate court refuses to allow appointed counsel to withdraw, arguing frivolous appeal does not then violate applicable ethical guidelines). The award of sanctions pursuant to Utah R.Civ.P. 11 is therefore reversed.

We note defendants have requested sanctions and attorney fees on appeal. We decline to award sanctions and fees on appeal.

GREENWOOD and RUSSON, JJ., concur.

---

3. Defendants' argument suggests that Rule 11 imposes an on-going obligation on Hansen to revise pleadings to conform with newly discovered information. However, because this issue was neither briefed or argued, we will not address it. We note that Utah R.Civ.P. 11 mirrors its federal counterpart, and that the circuits are split on whether or not certification by an attorney that the complaint is well grounded in fact requires him or her to go back and amend documents filed with the court.