Brian M. BARNARD, Plaintiff and Appellant,

v.

UTAH STATE BAR, Stephen Trost, Toni Marie Sutliff, and Ralph Adams, Defendants and Appellees.

Nos. 910390, 910483.

Supreme Court of Utah.

July 15, 1993.

Brian M. Barnard, John Pace, Salt Lake City, for plaintiff and appellant.

Richard D. Burbidge, Stephen B. Mitchell, Gary R. Johnson, Salt Lake City, for defendants and appellees.

DURHAM, Justice:

Brian M. Barnard appeals from a district court order dismissing his complaint against the Utah State Bar and imposing sanctions against him under rule 11 of the Utah Rules of Civil Procedure.[1] We affirm the dismissal of his complaint but reverse the imposition of sanctions.

## FACTS

Brian M. Barnard is an attorney licensed to practice in Utah. As part of his practice, he assists clients in preparing and filing pro se divorce actions. Barnard relies on the work of paralegals (nonlawyers trained to perform legal work) in handling his case load of pro se divorce clients.

On December 26, 1990, the Utah State Bar sent Barnard a letter asking him to

---

1. The original appeal was assigned number 910390. Barnard filed a second notice of appeal after certain postjudgment motions were resolved. The second appeal was assigned a new case number, 910483, and was subsequently consolidated with the present action.

respond to the allegation that his use of paralegals constitutes assisting in the unauthorized practice of law in violation of rule 5.5(b) of the Rules of Professional Conduct.[2] The Bar made the allegation after receiving transcripts of divorce hearings from Judge Timothy Hanson. Comments by clients appearing at those hearings raised concerns in Judge Hanson's mind about Barnard's performance.

Barnard responded by letter dated January 2, 1991. He requested a copy of the complaint lodged against him, described his procedures for assisting pro se clients, and enclosed the forms he distributes to those clients. He also assured the Bar that he supervises all delegated tasks and retains full responsibility for all work, as the rules require.

The Bar sent a second letter on January 8, 1991, describing in more detail the nature of Judge Hanson's concerns and requesting from Barnard more information on his practices with respect to the divorce hearings for which Judge Hanson had provided transcripts. The Bar did not receive a response to the second letter.

On February 22, 1991, Barnard filed a complaint in the Third Judicial District Court, seeking declaratory and injunctive relief. The Bar filed a motion to dismiss under rule 12(b)(1) and (b)(6) of the Utah Rules of Civil Procedure and a motion for sanctions under rule 11, both of which the district court granted. The court dismissed Barnard's complaint on the grounds that the court "has no subject matter jurisdiction of this action and there is no case or controversy presented which is ripe for adjudication." Furthermore, the court im-

posed $5816.25 in sanctions based on its finding that Barnard failed to make a reasonable inquiry that the suit was warranted by existing law or a good faith argument for extending, modifying, or reversing the law. The order also mentioned a pleading Barnard filed in another case concerning the Bar in which he stated that the Utah Supreme Court has "exclusive jurisdiction over and the exclusive power to regulate the practice of law in the state of Utah, including discipline."[3] Finally, the court noted that the Bar had barely begun its investigation; consequently, the court concluded that there was "no accrued set of facts" supporting a claim for declaratory relief.

Barnard appeals both the dismissal and the imposition of sanctions. He asserts that the district court erred in dismissing the action and abused its discretion in imposing sanctions. The Bar maintains that the district court did indeed lack subject matter jurisdiction, that the court acted within its discretion in imposing rule 11 sanctions, that Barnard sought an advisory opinion rather than a declaratory judgment, and that the individual defendants (Bar counsel) were immune from suit under rule XVI(a) of the Procedures of Discipline of the Utah State Bar.[4] Following briefing of the issues on appeal but prior to oral argument, Barnard filed a motion asking this court to reverse and remand to the trial court for further proceedings in light of our decision in *Barnard v. Sutliff,* 846 P.2d 1229 (Utah 1992).

We agree that the dismissal was proper on jurisdictional grounds and that the claim for declaratory relief was improper. Be-

---

**2.** Rule 5.5(b) prohibits a lawyer from assisting any person in performing any activity that constitutes the unauthorized practice of law. The comment to the rule makes clear that a lawyer may use paraprofessionals and delegate functions to them "so long as the lawyer supervises the delegated work and retains responsibility for their work." Rules of Professional Conduct Rule 5.5 cmt.

**3.** In case 890445, *Barnard v. Sutliff,* Barnard filed a verified petition for extraordinary writ challenging the procedures of the Bar and seeking various forms of relief. By minute entry dated December 13, 1989, this court dismissed

the petition as moot after we exercised our rule-making authority to modify the challenged rule and to refer the matter to the Advisory Committee on Ethics and Procedures of Discipline. The dismissed matter bears the same name as the case this court recently decided, *see* 846 P.2d 1229 (Utah 1992), and upon which this opinion relies in large part; however, the two should not be confused.

**4.** The trial court did not rule on the question of immunity, and because we hold that the dismissal was proper, we need not treat the issue.

cause we hold that the rule 11 sanctions were not warranted on the facts of this case, we reverse that portion of the order imposing sanctions. We do not remand the remainder of the case because we hold that the trial court is without subject matter jurisdiction over the other issues.

## SUBJECT MATTER JURISDICTION

■ The trial court granted the Bar's motion to dismiss in part because it concluded that it lacked subject matter jurisdiction over the action. Specifically, the court noted that "there is no subject matter jurisdiction in this court to enjoin or otherwise regulate matters pertaining to the discipline of attorneys inasmuch as original and exclusive jurisdiction of such matters lies with the Utah Supreme Court."

We review this conclusion of law under a correction of error standard. *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985). Our decision in *Sutliff* disposes of the issue and makes clear that at the time Barnard commenced his action, only this court had jurisdiction to consider the procedures and rules of the Bar.[5] We thus affirm the dismissal of Barnard's complaint as properly predicated on lack of subject matter jurisdiction.

## PROPRIETY OF DECLARATORY JUDGMENT ACTION

■ In granting the Bar's motion to dismiss, the trial court also concluded that there was "no case or controversy presented which is ripe for adjudication." Again, in reviewing this legal conclusion, we apply the correction of error standard. *Scharf,* 700 P.2d at 1070.

■ Our cases construing the Utah Declaratory Judgment Act, Utah Code Ann. §§ 78-33-1 to -13 (1992), set forth the following requirements to sustain an action: a justiciable controversy based upon an accrued set of facts, an actual conflict, adverse parties, a legally protectible interest

on the plaintiff's part, and an issue ripe for judicial resolution. *Jenkins v. Swan,* 675 P.2d 1145, 1148 (Utah 1983) (citing *Baird v. State,* 574 P.2d 713 (Utah 1978)). We agree with the trial court that this case failed to meet those requirements.

The trial court ruled correctly that the Bar had barely begun a preliminary investigation into the matter and that, as a result, no accrued set of facts existed to support Barnard's claim. The record reveals that at the time Barnard filed his suit, he had merely received two letters of inquiry from the Bar. While it is entirely possible that the matter might have matured into a full-blown controversy at a later time, no actual conflict existed when Barnard commenced his lawsuit.

We sympathize with Barnard's desire to determine whether his conduct violated the Rules of Professional Conduct. However, his attempt at a preemptive strike was inappropriate in light of the other remedies at his disposal. He could have answered the Bar's questions and asked for an advisory opinion from the Bar concerning the definition of the unauthorized practice of law. Despite the history of strained relations between the parties, we fully expect that the Bar would have rendered such an opinion had one been requested. Similarly, Barnard could have petitioned this court in its rule-making capacity for clarification of the rule. *Sutliff,* 846 P.2d at 1237. Either of these remedies would have given guidance to Barnard and other attorneys similarly situated. Finally, he could have waited until a full-blown disciplinary proceeding was underway and challenged the rule in this court if and when the Bar recommended that action be taken against him. But declaratory relief in district court was not among the options available to him, given the inchoate nature of the investigation into his conduct.

## RULE 11 SANCTIONS

■ Although we have concluded that Barnard erred in seeking a declaratory

**5.** In his dissenting opinion, Justice Stewart announces his view that the newly promulgated Rules of Lawyer Discipline and Disability, 214 Utah Adv.Rep. 3, 8 (1993), are invalid. Because this controversy occurred long before the rules became effective, they have no bearing on the outcome of this case.

judgment and in filing his suit in district court, it does not necessarily follow that the trial court was correct in imposing rule 11 sanctions. In *Sutliff*, we adopted a three-tiered standard of review in considering a trial court's rule 11 determination. *Sutliff* directs us to apply the correction of error standard to the ultimate conclusion that rule 11 was violated. 846 P.2d at 1234–35.

In this case, the trial court found that Barnard did not make a reasonable inquiry that the suit was warranted under existing law or a good faith argument for extending, modifying, or reversing the law. In support of that finding, the court cited two actions Barnard commenced in district court raising similar legal issues. Both were dismissed, and in one sanctions were imposed. An appeal was pending in one of those actions at the time Barnard filed this action. Furthermore, the court cited a statement by Barnard in a verified pleading recognizing that the Utah Supreme Court has exclusive jurisdiction over and exclusive power to regulate the practice of law, including discipline.

As we noted in *Sutliff*, rule 11 does not require perfect research but rather research that is "objectively reasonable under all the circumstances." *Id.* at 1236 (citation omitted). In other words, Barnard need not have reached the correct conclusion; he need only have made a reasonable inquiry. The trial court's order fails to acknowledge that Barnard submitted affidavits from eight attorneys indicating that they could find no law precluding a suit of this kind from being filed in district court. In addition, the order ignores Barnard's own affidavit, prepared in *Sutliff* and submitted as an exhibit in this case, describing his own research and his reliance on the fact that several district court judges had exercised jurisdiction over actions he had previously filed against the Bar.

In light of this evidence and in light of the fact that *Sutliff* had not yet been decided, we cannot say that Barnard failed to make a reasonable inquiry. While the trial court was ultimately correct in ruling that it lacked jurisdiction, we observe that our case law existing at the time Barnard filed his claim did not compel that result. As we noted in *Sutliff*, the law was anything but clear on the jurisdictional issue:

> [T]he law does not state clearly where original jurisdiction lies for actions challenging the general procedures of the Bar. Additionally, Barnard's injunctive suit asserted that the Bar was violating his constitutional rights to due process. This claim could be interpreted as seeking an extraordinary writ in the nature of mandamus, which does not necessarily fall into the category of interlocutory appeals covered by [Utah Code Ann.] section 78–2–2(3).

846 P.2d at 1237. However, after considering Barnard's challenge to the Bar's procedures in *Sutliff*, we went on to hold expressly that this court has exclusive jurisdiction over all challenges to the Bar's general procedures, whether or not they arise out of a specific disciplinary matter. *Id.*

We think the *Sutliff* analysis amply demonstrates that although Barnard may have reached the wrong conclusion, his error did not qualify for rule 11 sanctions. His legal error was based on his own research and his previous experience in filing actions against the Bar in district court and was subsequently supported by the research of eight other attorneys. His reading of the law as it existed when he commenced his action was at least plausible, and hence sanctions under rule 11 are not warranted. Furthermore, the fact that he submitted an arguably inconsistent pleading in another case does not rise to the level of a rule 11 violation. First, as a general rule, attorneys have some latitude for arguing inconsistently in separate cases. Second, as our opinion in *Sutliff* suggests, it was not necessarily inconsistent for Barnard to acknowledge this court's exclusive jurisdiction over disciplinary matters while invoking district court jurisdiction over alleged constitutional due process violations occasioned by Bar procedures. *Id.* Prior to our decision in *Sutliff*, Barnard's position was a tenable one, and the fact that the result in *Sutliff* showed him to be wrong

does not render it in bad faith or deserving of sanctions.

Accordingly, we affirm the dismissal of Barnard's complaint against the Bar for lack of subject matter jurisdiction. We also hold that the district court properly concluded that declaratory relief was not appropriate. However, we reverse that portion of the order imposing rule 11 sanctions against Barnard.

HALL, C.J., HOWE, Associate C.J., and ZIMMERMAN, J., concur.

STEWART, Justice, dissenting:

I agree that Barnard was not entitled to file a declaratory judgment action in the district court because there was "no actual conflict . . . when Barnard commenced his lawsuit." The Court does not address whether filing the action in the absence of an "actual conflict" was sanctionable, however, because there was a question at the time of filing whether the district court had subject matter jurisdiction. I would affirm the sanctions against Barnard on the ground that there was no justiciable controversy between him and the Bar.

This case also addresses the issue of district court subject matter jurisdiction over Bar disciplinary matters and holds that the district courts have no such jurisdiction. Recently, this Court promulgated new Rules of Lawyer Discipline and Disability, 214 Utah Adv.Rep. 3 (1993), effective July 1, 1993, which expressly give district courts power over attorney disciplinary matters. In my view, the Court's ruling in this case is inconsistent with those rules on the issue of jurisdiction.

This Court has no power under Article VIII of the Utah Constitution to control the jurisdiction of district courts. Article VIII, section 4 provides, "The Supreme Court by rule shall govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law." Neither that language nor the language in the same section giving the Court power to promulgate rules of evidence and procedure confers on us the power either to control the jurisdiction of district courts or to confer jurisdiction on district courts. That power lies within the province of the Legislature.

The majority opinion observes that this case and *Barnard v. Sutliff*, 846 P.2d 1229 (Utah 1992), arose before the new Rules of Lawyer Discipline were promulgated with respect to the issue of jurisdiction. That is, however, irrelevant. The Legislature has not expanded the jurisdiction of the district courts to include lawyer disciplinary matters arising under the rules promulgated by this Court.

I also think it appropriate to remark that this Court has made no effort whatsoever to reconcile this opinion with the new rules. Furthermore, even though *Sutliff* had already been decided and this case was pending when the rules were promulgated, the Court made no effort to reconcile the assertion of jurisdiction in the rules with the rulings in these cases.

In my view, the district court has always had jurisdiction to issue injunctions against administrative actions that exceed the agency's authority or are in violation of constitutional law. Whether the Utah State Bar is similar to other administrative agencies in this respect has never been addressed in anything other than the most conclusory and ill-considered fashion in both *Sutliff* and this case. However that issue should be resolved, I do not believe that this Court has the constitutional authority to co-opt the power of the district courts to adjudicate lawyer disciplinary issues without a legislative conferral of jurisdiction on the district court. To be sure, this Court has ultimate power under the Constitution over lawyer discipline, but using the district court as part of the established mechanism for dealing with lawyer discipline matters should at least require the concurrence of the Legislature.