Curtis **CHIPMAN** and Fay Chipman,
Plaintiffs, Appellants, and
Cross-appellees,

v.

Janice **MILLER**, Dana Anderson,
and Kim Anderson, Defendants,
Appellee, and Cross-appellant.

No. 960194–CA.

Court of Appeals of Utah.

March 13, 1997.

Gordon Duval and Jeff Buhman, Pleasant Grove, for Appellants.

Craig M. Snyder and Leslie W. Slaugh, Provo, for Appellee.

Before WILKINS, BENCH and GREENWOOD, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Plaintiffs Curtis and Fay Chipman appeal the trial court's order awarding attorney fees to defendant Janice Miller and denying their claim for attorney fees. Miller cross-appeals for double costs and attorney fees. We reverse the trial court's order granting Miller's claim for attorney fees, affirm the order denying Chipmans' claim for fees, and decline to award Miller costs and fees on appeal.

## BACKGROUND

This appeal arises from a suit brought by Curtis and Fay Chipman against Janice Miller and Dana and Kim Anderson to quiet title to property subject to a disputed boundary line. After disclaiming any interest in the disputed property, the Andersons were dismissed from the action and are not parties to this appeal.

The Chipmans and Miller have been neighbors and adjoining landowners for years. Miller's tract of land lies immediately south of the Chipmans' property. A fence and a hedge, which have existed for more than twenty years, divide the two tracts of land. For decades, the fence and hedge have been recognized by the Chipmans, Miller, and all their predecessors in title as the boundary line separating the two properties. The legal description in Miller's deed describes the fence line as the northernmost boundary of

her property. Furthermore, Miller herself has executed deeds and filed subdivision plat maps specifically acknowledging the fence and hedge as the official boundary. Historical deeds, however, describe the boundary line as existing approximately five feet north of the fence and hedge, on the Chipmans' property.

In 1994, the Chipmans began subdividing parts of their property. At the June 15, 1994 American Fork City Planning Commission meeting, they sought final plat approval on a subdivision that included the property up to the fence and hedge. Miller attended the meeting, claiming an ownership interest in the property extending five feet north of the fence line. Because of the boundary dispute, the Commission denied the Chipmans' application for a building permit.

From June 1994 through March 1995, the Chipmans repeatedly attempted to resolve the boundary dispute with Miller. They retained an attorney and sent letters requesting that Miller sign a quitclaim deed in light of the Utah Supreme Court's opinion in *Staker v. Ainsworth*, 785 P.2d 417 (Utah 1990), and this court's then recent opinion in *Carter v. Hanrath*, 885 P.2d 801 (Utah.Ct.App.1994), *rev'd on other grounds*, 925 P.2d 960 (Utah 1996). Both of these cases recognized the doctrine of boundary by acquiescence, which, in certain circumstances, gives ownership of property subject to a disputed boundary line to the party in physical possession of the land, despite legal ownership by another. *See Staker*, 785 P.2d at 420; *Carter*, 885 P.2d at 804. Miller repeatedly refused to sign any such quitclaim deed.

On March 8, 1995, the Chipmans filed a complaint involving two causes of action—an action to quiet title, and an action to recover attorney fees under Utah Code Ann. § 78–27–56(1) (1996), on the theory that any defense to the action by Miller would "be without merit and not brought in good faith." On April 18, 1995, Miller signed and delivered a quitclaim deed to the Chipmans. The Chipmans, however, insisted on pursuing their second cause of action, the claim for attorney fees, arguing that Miller acted in bad faith by forcing them to file a complaint before she quitclaimed the disputed property. Miller filed an answer responding to both claims by disclaiming all interest in the disputed property and denying the claim for attorney fees. Miller also filed a counterclaim for attorney fees under section 78–27–56(1) and Rule 11 of the Utah Rules of Civil Procedure, asserting that both the Chipmans and their attorney were acting in bad faith in continuing to pursue the second cause of action for attorney fees after obtaining the quitclaim deed.

On cross-motions for summary judgment on the respective claims for attorney fees, the trial court concluded that based on the language of Utah Code Ann. § 78–40–3 (1996), which precludes a plaintiff from recovering "costs" in an undisputed quiet title action, the Chipmans' request for attorney fees was both without merit and asserted in bad faith. As a result, the trial court denied the Chipmans' claim, granted Miller's counterclaim, and awarded Miller $484 in attorney fees incurred in responding to the Chipmans' claim for fees.

## ANALYSIS

On appeal, the Chipmans challenge the trial court's order denying their claim for fees and awarding attorney fees to Miller. Miller cross-appeals, asking this court to affirm the trial court's order and award her double costs and attorney fees on appeal.

### I. The Chipmans' Claim For Attorney Fees

The Chipmans assert that the trial court erred in denying their second cause of action to recover attorney fees. In their complaint, the Chipmans requested attorney fees on two grounds. First, the Chipmans requested attorney fees under the bad faith statute, section 78–27–56(1), if Miller asserted any defense to the quiet title action. Any such defense, they claimed, would be "without merit and not brought or asserted in good faith." However, the facts establish that Miller did not defend against the quiet title action. Instead, she signed a quitclaim deed and, in her answer, disclaimed any interest in the property. Because Miller asserted no defense, with or without merit, we conclude

the Chipmans were not entitled to fees under the bad faith statute.

■ Second, the Chipmans assert that they are entitled to recover fees as the prevailing party in the quiet title action. However, they cite no contract or statute entitling them to attorney fees as the prevailing party in a quiet title action. *See Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988) (stating "attorney fees are awardable only if authorized by statute or by contract"). Simply put, based on the allegations of their complaint, the Chipmans are not entitled to attorney fees.

■ However, on appeal, the Chipmans also assert a third basis for fees. They ask this court for attorney fees under section 78–27–56(1) based upon Miller's prelitigation conduct, which the Chipmans argue constituted bad faith. The Chipmans argue that Miller acted in bad faith by repeatedly refusing to sign the quitclaim deed until after they had filed suit. In support, the Chipmans cite cases from other jurisdictions recognizing that bad faith conduct, sufficient to serve as a basis for attorney fees, can be found in actions leading to the lawsuit as well as in the conduct of the litigation itself. *See, e.g., Andrews v. District of Columbia,* 443 A.2d 566, 569 (D.C.1982); *Harkeem v. Adams,* 117 N.H. 687, 377 A.2d 617, 619 (1977). These courts have awarded attorney fees for bad faith prelitigation conduct that forces an individual to seek judicial assistance to secure a clearly defined and established right. *See Harkeem,* 377 A.2d at 619 (holding plaintiff's right to unemployment compensation is clearly defined right by statute); *see also Trayner v. Cushing,* 688 P.2d 856, 858 (Utah 1984) (recognizing that party seeking judicial assistance to enforce rights under agreement is entitled to attorney fees).

Although the Chipmans urge us to follow this line of reasoning, they fail to cite any authority establishing their "clearly defined right" to the disputed property. We acknowledge that Utah courts recognize the doctrine of boundary by acquiescence. *See Staker,* 785 P.2d at 420–424; *Carter,* 885 P.2d at 804 (explaining that party claiming boundary by acquiescence must meet four requirements). However, although these cases may

be persuasive, they neither establish nor guarantee that the Chipmans had a clearly defined right to the property in this instance. Merely meeting the judicially created requirements of boundary by acquiescence does not create legal ownership. Absent a voluntary agreement between the disputing parties, a quiet title action is the only legally binding way to settle a boundary dispute. Therefore, we cannot say that Miller acted in bad faith by refusing to sign the quitclaim deed until after the Chipmans had filed suit.

We therefore affirm the trial court's order denying the Chipmans' claim for attorney fees.

## II. Miller's Award of Attorney Fees

■ The trial court granted Miller's counterclaim for attorney fees under Utah Code Ann. § 78–27–56(1) (1996), which provides, "In civil actions, the court shall award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith." *Id.* § 78–27–56(1). Under the plain language of this statute, attorney fees are appropriately awarded only if the trial court determines that three requirements are met: (1) the party seeking fees prevailed; (2) the claim or defense asserted by the opposing party was meritless; and (3) that claim or defense was asserted in bad faith. With regard to each of these elements, the trial court must make specific findings. *See Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1068 (Utah 1991) ("Specific findings further the ends of justice by allowing appeals courts to better review the trial court's award."). Absent specific findings, the basis of the award cannot be determined. *Id.*

The Chipmans assert the trial court erred in granting Miller's claim for fees under section 78–27–56(1) because Miller is not the prevailing party, and because their claim for fees was neither meritless nor lacking good faith.

■ First, the Chipmans assert that because they obtained the object of their lawsuit—quiet title—they are the prevailing party. We agree in part. In their complaint,

the Chipmans asserted two claims: the first claim sought quiet title; the second sought attorney fees. With respect to their claim for quiet title, the Chipmans prevailed. *See Highland Constr. Co. v. Stevenson,* 636 P.2d 1034, 1038 (Utah 1981) (noting voluntary payment during course of action is treated as if obtained by judgment for purposes of award of fees to "prevailing party").

However, with respect to the only litigated issue—the Chipmans' claim for attorney fees—the trial court declined to award attorney fees to the Chipmans where Miller did not defend against the quiet title cause of action. Because Miller successfully defended against the Chipmans' claim for attorney fees, she is the prevailing party on the second cause of action. *See Mountain States Broad. Co. v. Neale,* 783 P.2d 551, 555 (Utah. Ct.App.1989) (discussing determination of prevailing party and stating, "if plaintiff is awarded a judgment, plaintiff has prevailed, and if defendant successfully defends and avoids an adverse judgment, defendant has prevailed"). As such, Miller is also the prevailing party for purposes of her counterclaim for attorney fees under the bad faith statute.

Second, the Chipmans challenge both the trial court's conclusion that their claim for attorney fees was meritless and the finding that the claim was asserted in bad faith. Without discussion, the trial court based its conclusion of "without merit" and finding of "bad faith" solely upon the language of Utah Code Ann. § 78–40–3, which provides: "If the defendant in [a quiet title] action disclaims in his [or her] answer any interest or estate in the property, or suffers judgment to be taken against him [or her] without answer, the plaintiff cannot recover costs."

■ To prove a claim is "without merit," a party must show that the claim is "frivolous" or "of little weight or importance having no basis in law or fact." *Cady v. Johnson,* 671 P.2d 149, 151 (Utah 1983). "The 'without merit' determination is a question of law, and therefore we review it for correctness." *Jeschke v. Willis,* 811 P.2d 202, 203–04 (Utah. Ct.App.1991).

■ The trial court, it seems, determined that because section 78–40–3 prohibits even the recovery of costs in uncontested quiet title actions, the statute likewise prohibits the recovery of attorney fees. The recovery of attorney fees in a quiet title action is neither specifically authorized by statute nor supported by case law. Moreover, a unanimous court in *Andrus v. Bagley,* 775 P.2d 934, 935 (Utah 1989), under similar circumstances, stated without explanation, in dicta, that in an undisputed quiet title action, attorney fees could not be recovered. We now specifically so hold. Attorney fees are not recoverable in an undisputed quiet title action. This is because no case law or statute authorizes such a recovery, and, in this case, there is no evidence of a contract between these parties allowing for the recovery of attorney fees under these circumstances. *See Dixie State Bank,* 764 P.2d at 988 (stating attorney fees awardable only by statute or contract). As a result, the action for attorney fees pursued by the Chipmans was without merit.

■ However, we cannot agree that the Chipmans' claim for attorney fees was asserted or pursued with the requisite absence of good faith. Finding a lack of good faith turns on subjective intent, *see Taylor v. Estate of Taylor,* 770 P.2d 163, 171 (Utah.Ct. App.1989), and for purposes of the statute, is synonymous with a finding of "bad faith," *see Cady,* 671 P.2d at 151–52. "A finding of bad faith is a question of fact and is reviewed by this court under the 'clearly erroneous' standard." *Jeschke,* 811 P.2d at 204.

The party challenging the trial court's findings of fact "must show that the evidence, viewed in a light most favorable to the trial court, is legally insufficient to support the contested finding." *Utah Dep't of Soc. Servs. v. Adams,* 806 P.2d 1193, 1197 (Utah.Ct.App. 1991). The appellant must marshal all the evidence in favor of the finding and then show that the finding is so lacking in support as to be against the clear weight of the evidence. *See id.* The Chipmans have failed to so marshal the evidence in this case. However, because the trial court made its ruling primarily upon memoranda submitted by the parties, and because the trial court

found bad faith based only on its interpretation of section 78–40–3, the Chipmans' failure to marshal the evidence is not fatal.

In order to find that a party "lacked good faith," or in other words, acted in "bad faith," the trial court must find that one or more of the following factors existed: (1) the party lacked an honest belief in the propriety of the activities in question; (2) the party intended to take unconscionable advantage of others; or (3) the party intended to or acted with the knowledge that the activities in question would hinder, delay, or defraud others. *See Cady,* 671 P.2d at 151 (citation omitted). In addition, the bad faith finding must be supported by sufficient evidence that one or more of these factors existed. *See id.* at 152. In this case, however, the trial court neither stated which one of these factors existed nor discussed any evidence in support of any factor. Rather, the court found, without discussion, that the Chipmans asserted their claim for fees in bad faith based on its conclusion that section 78–40–3 prohibits the recovery of fees.

When the Chipmans filed their complaint, there was no clear prohibition on the recovery of attorney fees in undisputed quiet title actions. The Chipmans and their attorney all profess an honest belief that the law was unclear on the matter. The trial court did not find to the contrary, and the record does not support a finding that the Chipmans pursued their claim to hinder, delay, defraud, or take unconscionable advantage of Miller. *See id.* (holding ill-formed belief in claim does not prove bad faith). As a result, the trial court's finding of bad faith is clearly erroneous.

Miller, however, asserts that we can affirm the trial court's award of attorney fees based on Rule 11 of the Utah Rules of Civil Procedure. Rule 11 requires that an attorney reasonably inquire as to the facts and law before signing and filing a document. *See* Utah R.Civ.P. 11; *Barnard v. Utah State Bar,* 857 P.2d 917, 920 (Utah 1993) (stating Rule 11 does not require perfect research). Miller argues the Chipmans' attorney failed to make a reasonable inquiry prior to pursuing the claim for attorney fees. Miller suggests the absence of citation to cases actually awarding pre-complaint attorney fees, the absence of citation to cases Miller asserts are pertinent, and the language of section 78–27–56(1), providing only for fees incurred "in civil actions" rather than the period before commencing the action, establish the Chipmans' attorney should have known the claim for fees was groundless.

While these factors do suggest the Chipmans were not entitled to recover their attorney fees, they did not clearly prohibit such an award, pre-complaint or otherwise. Because the Chipmans' claim for attorney fees was plausible, Rule 11 sanctions are unwarranted. *See id.*

Because we conclude that the Chipmans' claim for fees was not asserted in bad faith, and because we decline to affirm under Rule 11, we reverse the trial court's order awarding attorney fees to Miller under section 78–27–56(1).

## CONCLUSION

We affirm the trial court's denial of the Chipmans' claim for fees because the Chipmans have not established a legal basis entitling them to such an award, and hold that attorney fees are not recoverable by the prevailing party in an undisputed quiet title action. We reverse the trial court's order granting Miller attorney fees under section 78–27–56(1) because the Chipmans' claim for attorney fees was not asserted in bad faith. Finally, because the Chipmans succeeded in seeking reversal of the fees ordered against them, we deny Miller's request for double costs and attorney fees on appeal.

BENCH and GREENWOOD, JJ., concur.